## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

JAMES MCNAIR,

*Petitioner-Appellant*,

v.

K. JOHNSON,

*Respondent-Appellee.*

On Appeal from the United States District Court
for the Northern District of Florida
No. 4:23-cv-00505-MW-MAF (Hon. Mark E. Walker)

## APPELLANT'S OPENING BRIEF

Nicole Masiello
Claire Fahlman
ARNOLD & PORTER
  KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
Fax: (212) 836-8689

R. Stanton Jones
Andrew T. Tutt
Dana Or
Katie Weng
ARNOLD & PORTER
  KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 942-5000
Fax: (202) 942-5999
andrew.tutt@arnoldporter.com

*Counsel for Appellant James McNair*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1(a)(1) and 26.1-2(c), Appellant James McNair, through undersigned counsel, hereby submits this Certificate of Interested Persons and Corporate Disclosure Statement.

Mr. McNair states that he is not a corporation, does not have a parent corporation, nor has he issued shares or debt securities to the public. Mr. McNair is not a subsidiary or affiliate of any publicly owned corporations.

I hereby certify that the following have an interest in the outcome of this appeal:

1. Arnold & Porter Kaye Scholer LLP, *Attorneys for Appellant*

2. Fahlman, Claire, *Attorney for Appellant*

3. Fitzpatrick, Honorable Martin A., *Magistrate Judge*

4. Jones, R. Stanton, *Attorney for Appellant*

5. K. Johnson, *Defendant-Appellee*

6. Masiello, Nicole, *Attorney for Appellant*

7. McNair, James, *Plaintiff-Appellant*

8. Or, Dana, *Attorney for Appellant*

9. Tutt, Andrew T., *Attorney for Appellant*

10. Walker, Honorable Mark E., *District Court Judge*

11. Weng, Katie, *Attorney for Appellant*

Dated: March 27, 2024         Respectfully submitted,

*/s/ Andrew T. Tutt*

Nicole Masiello                R. Stanton Jones
Claire Fahlman                Andrew T. Tutt
ARNOLD & PORTER       Dana Or
  KAYE SCHOLER LLP     Katie Weng
250 West 55th Street         ARNOLD & PORTER
New York, NY 10019-9710     KAYE SCHOLER LLP
Telephone: (212) 836-8000   601 Massachusetts Avenue, NW
Fax: (212) 836-8689          Washington, DC 20001
                                Telephone: (202) 942-5000
                                Fax: (202) 942-5999
                                andrew.tutt@arnoldporter.com

*Counsel for Appellant James McNair*

**STATEMENT REGARDING ORAL ARGUMENT**

Pursuant to Eleventh Circuit Rule 28-1(c), Appellant James McNair requests oral argument. Oral argument would aid the Court's decision process. Fed. R. App. P. 34(a)(2)(C). This appeal presents a question of first impression in this Circuit: whether a pro se prisoner litigant's omission of a prior case when filling out a PLRA prisoner complaint form must be material for the lawsuit to be dismissed as malicious.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
    DISCLOSURE STATEMENT ................................................................C-1

STATEMENT REGARDING ORAL ARGUMENT ................................................i

TABLE OF AUTHORITIES ..............................................................................iv

JURISDICTIONAL STATEMENT .....................................................................1

STATEMENT OF ISSUES ..................................................................................2

INTRODUCTION ................................................................................................3

STATEMENT OF THE CASE .............................................................................6

  A.  Legal Background ......................................................................................6

      1.    Text and Purpose of PLRA ..............................................................6

      2.    Judicial Interpretations of "Malicious" .........................................10

  B.  Factual Background .................................................................................11

      1.    Prior Procedural History ................................................................11

      2.    Factual and Procedural History of this Case ..................................13

SUMMARY OF ARGUMENT ..........................................................................17

STANDARD OF REVIEW ................................................................................18

ARGUMENT .....................................................................................................19

I.      AN IMMATERIAL OMISSION CANNOT CAUSE A PLRA SUIT
      TO BE DISMISSED AS MALICIOUS AT THE SCREENING
      STAGE .......................................................................................................20

II.    AN OMISSION WITHOUT INTENT TO DECEIVE IS NOT
      MALICIOUS .............................................................................................28

  A.  Dismissal as Malicious Requires Intent to Deceive ...............................28

  B.  Dismissal as Malicious Requires Case-Specific Factual Consideration
      of Litigant's Intent .................................................................................32

  C.  The Mistaken Omissions Here Do Not Make the Complaint Malicious ......34

CONCLUSION ..................................................................................................39

CERTIFICATE OF SERVICE ...........................................................................40

CERTIFICATE OF COMPLIANCE........................................................................41

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Anderson v. Singletary*,
    111 F.3d 801 (11th Cir. 1997) ........................................................................8, 37

*Attwood v. Singletary*,
    105 F.3d 610 (11th Cir. 1997) ...........................................................7, 10, 28, 29

*Burrell v. Brown*,
    2020 WL 6329863 (S.D. Ala. Sept. 25, 2020) .................................................26

*Butler v. Dep't of Justice*,
    492 F.3d 440 (D.C. Cir. 2007) ...........................................................32, 33, 34

*Chambers v. NASCO, Inc.*,
    501 U.S. 32 (1991) .........................................................................22, 23, 27, 34

*Cochran v. Moore*,
    2021 WL 5985324 (M.D. Ga. Nov. 10, 2021) ............................................25, 26

*Daker v. Bryson*,
    841 F. App'x 115 (11th Cir. 2020) ....................................................................29

*Daker v. Comm'r, Ga. Dep't of Corr.*,
    820 F.3d 1278 (11th Cir. 2016) ...........................................................................6

*Daker v. Head*,
    2022 WL 2903410 (11th Cir. July 22, 2022) ..............................................29, 30

*Daker v. Ward*,
    999 F.3d 1300 (11th Cir. 2021) ...........................................................18, 20, 28

*Denison v. Spradlin*,
    2015 WL 427833 (M.D. Ga. Feb. 2, 2015) .......................................................30

*Dooley v. Wetzel*,
    957 F.3d 366 (3d Cir. 2020) .............................................................................24

*Fourstar v. Garden City Grp., Inc.*,
    875 F.3d 1147 (D.C. Cir. 2017) ...........................................................7, 9, 20, 24

*Greyer v. Illinois Department of Corrections*,
  933 F.3d 871 (7th Cir. 2019) .............. 5, 9, 10, 17, 20, 21, 24, 26, 28, 31, 37, 38

*Harris v. Singletary*,
  2023 WL 4315736 (M.D. Fla. July 3, 2023) .......................................30

*Hines v. Thomas*,
  604 F. App'x 796 (11th Cir. 2015) ...................................................7, 8

*Hoskins v. Dart*,
  633 F.3d 541 (7th Cir. 2011) ..................................................9, 10, 31

*Hubbard v. Haley*,
  262 F.3d 1194 (11th Cir. 2001) .......................................................18

*Hyde v. Irish*,
  962 F.3d 1306 (11th Cir. 2020) .......................................................23

*Jackson v. Fla. Dep't of Corr.*,
  491 F. App'x 129 (11th Cir. 2012) ............................................9, 26, 29

*Jones v. Bock*,
  549 U.S. 199 (2007).............................................6, 7, 8, 22, 34

*Law v. Siegel*,
  571 U.S. 415 (2014).............................................................23

*Matthews v. Gaither*,
  902 F.2d 877 (11th Cir. 1990) .......................................................29

*McNair v. State*,
  17 So. 3d 1241 (Fla. Dist. Ct. App. 2009) .......................................11

*McNair v. State*,
  212 So. 3d 1143 (Fla. Dist. Ct. App. 2017) .......................................12

*McNair v. State*,
  244 So. 3d 379 (Fla. Dist. Ct. App. 2018) ........................................12

*McNair v. State*,
  272 So. 3d 415 (Fla. Dist. Ct. App. 2019) ........................................13

*Mitchell v. Farcass*,
112 F.3d 1483 (11th Cir. 1997) ..............................................................8

*Mitchell v. Nobles*,
873 F.3d 869 (11th Cir. 2017) ........................................................22, 23

*Moore v. Campbell*,
344 F.3d 1313 (11th Cir. 2003) ............................................................20

*Murphy v. Kennedy*,
2005 WL 1353945 (S.D. Ga. May 16, 2005) ........................30, 31, 32

*Neitzke v. Williams*,
490 U.S. 319 (1989)..............................................................6, 33, 34

*O'Quinn v. Vice*,
2024 WL 96663 (N.D. Fla. Jan. 9, 2024) ............................25, 30, 36

*Pitts v. South Carolina*,
65 F.4th 141 (4th Cir. 2023) ...............................................................24

*Purchasing Power, LLC v. Bluestem Brands, Inc.*,
851 F.3d 1218 (11th Cir. 2017) ..........................................................23

*Rivera v. Allin*,
144 F.3d 719 (11th Cir. 1998) ........................................8, 9, 21, 22, 26

*Roller v. Gunn*,
107 F.3d 227 (4th Cir. 1997) ...............................................................20

*Sears v. Haas*,
509 F. App'x 935 (11th Cir. 2013) ........................................9, 26, 29

*Smith v. Miorelli*,
93 F.4th 1206 (11th Cir. 2024) ............................................................19

*Wells v. Brown*,
58 F.4th 1347 (11th Cir. 2023) ..............................................................8

*Williams v. Brown*,
347 F. App'x 429 (11th Cir. 2009) ......................................................30

*Wood v. Williams,*
  725 F. App'x 917 (11th Cir. 2018) ....................................................37

**Statutes and Rules**

28 U.S.C. § 1915(a) ..........................................................................6

28 U.S.C. § 1915(e) ..........................................................................7

28 U.S.C. § 1915(g) ..........................................................3, 6, 7, 9

28 U.S.C. § 1915A ..........................................................................3, 7

Fed. R. Civ. P. 83 ..........................................................................23

# JURISDICTIONAL STATEMENT

Appellant James McNair appeals the district court's dismissal of his complaint under 28 U.S.C. § 1915(e)(2)(B)(i), a judgment that was entered on December 28, 2023. A34-A38 (Doc. 11 at 1-4; Doc. 12 at 1).[1] The district court had jurisdiction over Mr. McNair's complaint because it presented a federal question under 42 U.S.C. § 1983. 28 U.S.C. § 1331. Mr. McNair filed a timely notice of appeal on January 16, 2024. A39-A40 (Doc. 13 at 1-2). This Court has jurisdiction under 28 U.S.C. § 1291.

---

[1] "Doc. ##" references are to the district court docket below, No. 23-cv-00505 (MW) (N.D. Fla.).

**STATEMENT OF ISSUES**

1.      Whether, in order to qualify as malicious under § 1915(e)(2)(B)(i) of the PLRA, a pro se prisoner litigant's omission of a prior case from a prisoner complaint form, required only for PLRA cases, must be material.

2.      In the alternative, whether a pro se prisoner litigant's mere omission of a known prior case from a PLRA-case prisoner complaint form, without more, constitutes an "affirmative[] misrepresent[ion]" sufficient to justify dismissal of his suit as malicious under § 1915(e)(2)(B)(i).

## INTRODUCTION

This appeal raises an important question about whether a pro se prisoner-litigant's immaterial mistake on a PLRA-case prisoner complaint form warrants dismissal of his complaint as "malicious" under 28 U.S.C. § 1915. The PLRA provides for courts to screen a prisoner's complaint at the outset of a case and dismiss sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Such a dismissal has great significance: the PLRA imposes a "three-strikes" rule on prisoners, mandating that an incarcerated litigant with three separate aforementioned dismissals is no longer eligible to bring another case as an "indigent" litigant under the PLRA's *in forma pauperis* provisions. *See* 28 U.S.C. § 1915(g).

Appellant James E. McNair was, for years, repeatedly refused necessary medical treatment while incarcerated. He filed a pro se action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to medical needs in violation of the Eighth Amendment. In filing his complaint, Mr. McNair was required by the District Court for the Northern District of Florida to complete a form asking about his state and federal litigation history. While he had previously litigated post-conviction motions, this was Mr. McNair's first civil rights complaint and his first time filling out this form. He completed the form to the best of his ability, attempting to recount a complex litigation history spanning fifteen years, two trials, and three

sentencings. He thought he disclosed all required cases, but he inadvertently left off two cases—a habeas petition that was denied for failure to exhaust state remedies and the appeal of a later habeas petition. Neither case could elicit a strike under the PLRA's three-strikes rule. The magistrate judge screening the complaint noticed those omissions and, without considering the complaint itself or asking Mr. McNair for an explanation of the reason for the omissions, recommended dismissal of the complaint as "malicious" under the PLRA. Mr. McNair timely objected to the magistrate judge's recommendation, requesting leave to amend to correct his litigation history. Over Mr. McNair's objections, the district court accepted the magistrate judge's recommendation and dismissed the action as "malicious" under the PLRA. In doing so, the district court recognized that Mr. McNair's omissions were not material for purposes of the PLRA. It explained that if this case had arisen in the Seventh Circuit, the complaint could not be dismissed because the rule in that circuit is that an omission must be both intentional and material to warrant dismissal as malicious.

This Court should reverse because Mr. McNair's § 1983 action was not "malicious" under the PLRA. The PLRA does not allow dismissal as malicious for immaterial, unintentional mistakes. Mr. McNair's omissions were not material to the Court's enforcement of the PLRA. The cases he omitted could not have led to strikes, and they would not have affected his eligibility to proceed as an indigent litigant.

Nor did they reveal that his litigation history or this § 1983 claim was duplicative, vexatious, or otherwise troublesome. Mr. McNair's omissions also were not intentional. His omissions were mistakes, and nothing more. To be sure, the court below stated that the omissions were intentional, but it had no basis to make that determination at the pleading stage without the benefit of an evidentiary hearing. At minimum there should be a presumption that when a PLRA litigant omits a case that is immaterial to the PLRA from a PLRA-case prisoner complaint form, it was a mistake, not an intentional omission, because a litigant gains nothing by omitting an immaterial case.

This Court does not yet have a standard governing when complaints should be dismissed as malicious, but should adopt the Seventh Circuit's materiality and intentionality standard set forth in *Greyer v. Illinois Department of Corrections*, 933 F.3d 871 (7th Cir. 2019). Some district courts in this Circuit already apply this standard, but others, like the court below, do not. Adopting the Seventh Circuit's standard would create uniformity within the Circuit. And when that standard is applied, it is clear that Mr. McNair's complaint was not "malicious" and the decision below should be reversed.

## STATEMENT OF THE CASE

### A.    Legal Background

#### 1.    Text and Purpose of PLRA

Congress enacted the Prisoner Litigation Reform Act (PLRA) in 1996 to curb the volume of non-meritorious litigation brought by indigent individuals in federal or state incarceration. The PLRA sets limits on a prisoner's ability to proceed with civil actions and appeals *in forma pauperis*. Indigent litigants may usually commence an action or appeal in federal court *in forma pauperis*—that is, without pre-paying full filing fees. *See* 28 U.S.C. § 1915(a)(1). This "ensure[s] that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Imprisoned people are one of the most common groups of indigent litigants proceeding *in forma pauperis*. *See, e.g.*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

Under the PLRA's "three-strikes" rule, an indigent prisoner generally may not bring another action or appeal *in forma pauperis* if the court finds that there have been three prior instances of the prisoner bringing an action or appeal that was dismissed on the grounds that it: was "frivolous"; was "malicious"; or "fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). These three "enumerated grounds" are the "*only* grounds that can render a dismissal a strike." *Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016). A

prisoner-litigant incurs a "strike" when, and only when, an action or appeal is dismissed on one of the enumerated grounds.

Separately, the PLRA provides for the court's initial screening of each case filed by a prisoner against government entities or officers, and calls for dismissal sua sponte if the court deems the case to be "frivolous," "malicious," or failed to state a claim, among other grounds. *See* 28 U.S.C. § 1915A(b)(1); *id.* § 1915(e)(2)(B)(i)-(ii). Courts conduct "judicial screening of prisoner complaints" to "filter out … claims" before docketing or "as soon as practicable after docketing." *Jones*, 549 U.S. at 213-14 (citing § 1915A). Through this screening function, courts commonly dismiss actions sua sponte before even service of process on the defendant. A dismissal under this provision generally counts as a strike under the three-strikes rule found in § 1915(g). A case deemed "malicious" is both dismissed and counted as a strike. *See Hines v. Thomas*, 604 F. App'x 796, 799 (11th Cir. 2015) (per curiam) (referencing magistrate judge's recommendation of the "double sanction").

After three strikes, a prisoner bringing another action or appeal subject to the PLRA would be required to pre-pay the full filing fee to proceed, which essentially forecloses access to the courts for indigent incarcerated litigants. *See, e.g.*, *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (opportunity to file *in forma pauperis* "ensures that indigent persons will have equal access to the judicial system"); *Fourstar v. Garden City Grp., Inc.*, 875 F.3d 1147, 1149 (D.C. Cir. 2017)

(Kavanaugh, J.) ("Three strikes and the prisoner is *out of court*." (emphasis added)). The PLRA's harsh sanction serves to counter a "flood" of prisoners' "abusive" litigation. *Jones*, 549 U.S. at 203; *Hines*, 604 F. App'x at 797 n.1. In enacting the PLRA, Congress aimed to limit "attempt[s] to obtain a 'short sabbatical in the nearest federal courthouse' ... or to harass prison officials" by "abusive[ly]" exploiting *in forma pauperis* status. *Mitchell v. Farcass*, 112 F.3d 1483, 1488-89 (11th Cir. 1997). At the same time, the PLRA endeavors to allocate judicial resources to "ensur[e] that the flood of nonmeritorious claims does not submerge ... [claims] with merit." *Jones*, 549 U.S. at 203.

Consistent with this legislative intent, courts have uniformly held the PLRA—its dismissal provisions and three-strikes rule—categorically does not apply to habeas corpus petitions. *See Anderson v. Singletary*, 111 F.3d 801, 805 (11th Cir. 1997) ("PLRA was not intended to apply in habeas corpus" but to limit "abusive prison-condition litigation"); *Wells v. Brown*, 58 F.4th 1347, 1355 (11th Cir. 2023) (pointing to the "flood[]" of "frivolous, malicious, or repetitive" *in forma pauperis* "prisoner complaints challenging prison conditions or claiming civil rights violations" with "no merit" (citations omitted)). And outside the context of habeas corpus petitions, the "task of counting strikes involves more than sophomoric arithmetic." *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998), *partially vacated on other grounds*, *Jones*, 549 U.S. at 216. "Courts must search records of the

prisoner's prior federal cases" to themselves "determine whether … the reason for [prior] dismissals" render those dismissals strikes. *Id.*; *see Fourstar*, 875 F.3d at 1152 (calling for district courts to "*independently* evaluate prisoners' prior dismissals to determine whether there are three strikes").

To aid the enforcement of the PLRA's screening provision and three-strikes rule, many courts require prisoners proceeding *in forma pauperis* to disclose their prior litigation history on a court-issued form filed with the complaint. The purpose of these forms is to help the federal court to ensure "that the prisoner plaintiff has not 'struck out.'" *Greyer*, 933 F.3d at 875. If the court finds that the prisoner's litigation history shows three strikes, the PLRA calls for the prisoner to pre-pay the full filing fee to proceed. *See* 28 U.S.C. § 1915(g). In many district courts, including some in this Circuit and the Seventh Circuit, the form customarily instructs the litigant to list "all" prior cases or risk dismissal. *See, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935 (11th Cir. 2013) (per curiam) (describing instructions on a prisoner complaint form); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 130 n.1 (11th Cir. 2012) (per curiam) (same); *see also Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011) (per curiam) (highlighting same language in lower court's prisoner complaint form). And some courts find the failure to disclose every prior case is a "failure to comply" with the court's procedural rules, which "constitutes an abuse of the judicial process." *Sears*, 509 F. App'x at 936. Such an "abuse of the judicial

process" renders the complaint "malicious," thus "warranting dismissal" at the screening stage under the PLRA. *Id*.

## 2. Judicial Interpretations of "Malicious"

The PLRA itself does not define "malicious," but courts have issued key guidance. This Court and other circuits have historically required some showing of intent to conclude that a prisoner's action or appeal is "malicious" for purposes of the PLRA. *See Attwood*, 105 F.3d at 613; *see also Hoskins*, 633 F.3d at 544 (prisoner "incur[red] no strikes" where dismissals were "sanctions for disobeying a court rule" and did not include "finding ... of an intent to harass"). In regard to a prisoner's omission of a prior case from the complaint's litigation-history form, the Seventh Circuit explicitly requires the omission to be not only intentional but also *material*. *See, e.g.*, *Hoskins*, 633 F.3d at 543. In *Greyer v. Illinois Department of Corrections*, the prisoner-litigants had mistakenly omitted information about prior cases that could not count as strikes. 933 F.3d at 875-76, 878. As the Seventh Circuit highlighted, even if the litigants had disclosed all information about those prior cases, the litigants nonetheless could have "proceeded ... *in forma pauperis*" in the present case; they "therefore had nothing to gain from hiding" the prior cases. *Id*. at 875. Under the Seventh Circuit's standard, an omission is only material if the undisclosed prior case has a "bearing on the prisoner's ability to proceed under the PLRA"—specifically, if it had itself been dismissed as frivolous, malicious, or

failing to state a claim, thus counting as a strike, or if it had "significant factual overlap with the currently-filed case," thus showing that the present case is duplicative and repetitive. *Id*. at 880. And the omission is only malicious if it is material.

## B.    Factual Background

### 1.    Prior Procedural History

Appellant James McNair was convicted of armed robbery in July 2008. Considered a violent habitual offender under Florida law, he was sentenced to life imprisonment. Prison Sentence, *Florida v. McNair*, No. 07-CF-1010 (Fla. Marion Cnty Ct. Oct. 31, 2008), Doc. #281. Over the next twelve years, Mr. McNair challenged his conviction in both state and federal court, and successfully petitioned for both a new trial and, later, re-sentencing.

Mr. McNair first directly appealed his original conviction, and the Fifth District Florida Court of Appeal affirmed. *See McNair v. State*, 17 So. 3d 1241 (Fla. Dist. Ct. App. 2009). But his trial counsel made several crucial errors, so he then challenged his conviction in state court on the basis of ineffective assistance of counsel at the pre-trial investigation stage. Mot. for Post Conviction Relief, *McNair*, No. 07-CF-1010, Doc. #348. Several months later, he filed a petition for writ of habeas corpus in federal court arguing that the trial court erred in denying his motion to discharge his court-appointed attorney without holding a *Faretta* hearing, but the

state court had not yet decided his ineffective assistance claim, so the district court dismissed the habeas petition. *See McNair v. Sec'y Dep't Corr.*, 5:10-cv-00520 (M.D. Fla. 2010). Next, after the state court denied his ineffective assistance claim, Mr. McNair again filed his habeas petition in federal court. *See McNair v. Sec'y Dep't Corr.*, 5:10-cv-00638 (M.D. Fla 2014). This time he was successful, and the district court granted him a new trial based on the *Faretta* issue. *Id.*

On re-trial, Mr. McNair was convicted and re-sentenced to life in prison. He again filed a motion for post-conviction relief due to ineffective assistance of counsel, which was denied and its denial affirmed on appeal. *McNair*, No. 07-CF-1010, Doc. #681, *aff'd,* No. 5D16-3734 (Fla. 5th DCA June 6, 2017). Mr. McNair then filed a motion to correct an illegal sentence, arguing that that his life sentence as a three-time violent felon was unlawfully predicated on the crime of aggravated assault, not the qualifying crime of aggravated assault with a deadly weapon. 3.800 (A) Motion to Correct Illegal Sentence, *McNair,* Doc. #679. Though this motion was denied in the lower court, the Florida Court of Appeal remanded the motion for an evidentiary hearing. *McNair v. State*, 212 So. 3d 1143 (Fla. Dist. Ct. App. 2017). The motion was denied after the hearing, but then the appellate court found his sentence was unlawful. The court of appeal remanded the case for resentencing. *McNair v. State*, 244 So. 3d 379 (Fla. Dist. Ct. App. 2018).

Mr. McNair was again sentenced to life in prison. Sentencing Scoresheet, *McNair*, No. 07-CF-1010, Doc. # 819; *McNair v. State*, 272 So. 3d 415 (Fla. Dist. Ct. App. 2019) (affirmed on appeal). He again filed for post-conviction relief in state court to no avail. *McNair*, No. 07-CF-1010, Doc. # 843, *aff'd*, *McNair v. State*, 305 So. 3d 538 (Fla. Dist. Ct. App. 2020). In 2021, Mr. McNair filed another habeas petition in federal court, arguing ineffective assistance of counsel because his trial attorney failed to properly investigate key facts and failed to preserve critical issues for appeal. *McNair v. Sec'y Dep't Corr.*, 5:21-cv-00082-SPC-PRL (M.D. Fla. 2021). The district court dismissed his petition, and this Court affirmed, denying Mr. McNair a certificate of appealability. *Id.* Dkt. No. 12, *aff'd*, *McNair v. Sec'y Dep't Corr.*, No. 22-14166, Dkt. No. 12. (11th Cir. June 12, 2023*)*.

Thus, prior to this lawsuit Mr. McNair had filed several petitions for writs of habeas corpus, none of which are material to the determination of whether Mr. McNair had "struck out" under the PLRA because none could give rise to PLRA strikes. Mr. McNair never filed any prior civil rights actions or actions unrelated to the legality of his conviction and sentence.

## 2. Factual and Procedural History of this Case

In 2015, months after the conclusion of his second trial, Mr. McNair was diagnosed with sarcoidosis. A7 (Doc. 1 at 5). To counteract the unbearable coughing and shortness of breath caused by this ailment, he was prescribed prednisone, which

effectively alleviated his symptoms. A7 (Doc. 1 at 5). Mr. McNair was prescribed prednisone on-and-off until October 2020, when defendant K. Johnson, a nurse practitioner at Liberty Correctional Institute, abruptly discontinued his medication. A7-A9 (Doc. 1 at 5-7). His cough soon returned. But when he reached out to Defendant Johnson to request reinstatement of his prednisone prescription, she refused and instead insisted that he use an inhaler and other medications that had previously been ineffective against his sarcoidosis. A9 (Doc. 1 at 7).

Without prednisone, Mr. McNair's condition severely worsened, affecting his ability to breathe, walk, and eat. A9 (Doc. 1 at 7). In December 2020, he was rushed to a hospital where a pulmonologist expressed concern that Mr. McNair may permanently need oxygen before prescribing Mr. McNair prednisone. A9-A10 (Doc. 1 at 7-8). But weeks later, Defendant Johnson again discontinued Mr. McNair's prescription. A10 (Doc. 1 at 8). This pattern continued in 2021 and 2022, with Defendant depriving Mr. McNair of his medication, Mr. McNair suffering a medical crisis and receiving a new prescription at a hospital, only for Defendant to again discontinue it. A11-A12 (Doc. 1 at 9-10). During this time, Mr. McNair filed several administrative appeals with the correctional facility, but nothing changed. A10-A11 (Doc. 1 at 9-10).

In November 2023, Mr. McNair filed this suit in federal district court, his very first suit brought pursuant to 42 U.S.C. § 1983, alleging Defendant Johnson was

deliberately indifferent to his medical needs in violation of his Eighth Amendment rights. The Northern District of Florida provides a "Civil Rights Complaint Form for Pro Se Prisoner Litigants," and Mr. McNair had to complete that form to file his complaint. A3 (Doc. 1 at 1). The prisoner complaint form has a "Prior Litigation" section, with the instruction:

> *This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases— including, but not limited to civil cases, habeas cases, and appeals— may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.*

A15 (Doc. 1 at 13). Immediately in the next paragraph, the instructions called the prisoner-litigant's "ATTENTION" to "[t]he 'three-strikes rule' of the PLRA" which would require "full payment of the filing fee at the time of case initiation" for three strikes, and quoted 28 U.S.C. § 1915(g). One question under the "Prior Litigation" section asked whether Mr. McNair had ever "filed any other lawsuit, habeas corpus petition, or appeal" in state or federal court "challenging [his] conviction or relating to the conditions of [his] confinement?" A17 (Doc. 1 at 15). Mr. McNair checked "Yes" and used all six entry templates on the form to "identify" for the court his prior state and federal lawsuits, but he did not append any other cases. A17-19 (Doc. 1 at 15-17).

Approximately a month after Mr. McNair filed his complaint, the magistrate judge assigned to his case recommended that the complaint be dismissed as

malicious at the screening stage under the PLRA, §§ 1915(e)(2)(B)(i), 1915A. A29 (Doc. 9 at 8). Mr. McNair filed objections, arguing the magistrate judge incorrectly found that his motions for certificate of appealability and reconsideration of the Eleventh Circuit's denial of the certificate were challenges to his conviction, but the district court adopted the report and recommendation. *See* A34-A37 (Doc. 11 at 1-4)*.* Specifically, the district court faulted Mr. McNair for failing to disclose (1) his appeal of M.D. Fla. No. 5:21-cv-00082-SPC-PRL, *McNair v. Sec'y, Fla. Dep't of Corr.*, and (2) his first habeas petition, M.D. Fla. No 5:10-cv-00520-RAL-AEP, *McNair v. Sec'y, Fla. Dep't of Corr.*[2] A34 (Doc. 11 at 1).

The district court stated Mr. McNair "failed to disclose two previous federal cases." A35 (Doc. 11 at 2). But as the court recognized, "neither of his omitted cases seem to bear on his present [§ 1983] claims." A36 (Doc. 11 at 3 n.1). Nonetheless, without a hearing, or any assessment of evidence of Mr. McNair's intent, the district court concluded that Mr. McNair had "affirmatively misrepresented his federal litigation history." A36 (Doc. 11 at 3).

The district court entered judgment against Mr. McNair, dismissing his complaint under the PLRA. The order also instructed the clerk to note that the action

---

[2] Both the magistrate judge and the district court stated that Mr. McNair failed to disclose M.D. Fla. 5:10-cv-00638-MSS-PRL, described as his initial habeas petition. This was a factual error, as he *did* disclose this case in his complaint form. *See* A18 (Doc. 1 at 16) (listing the case as "5:11-cv-638 MSS" and noting that the petition was granted).

counts as a strike under the PLRA's three-strikes rule, § 1915(g). Mr. McNair timely appealed.

<h2 style="text-align:center">SUMMARY OF ARGUMENT</h2>

**I.** A pro se prisoner-litigant's omission of a prior lawsuit from a PLRA-case prisoner complaint form must be material to qualify for dismissal as malicious under §§ 1914A, 1915(e)(2)(B)(i) and to count as a strike under § 1915(g). The PLRA's screening process is intended to relieve courts from the burden of hearing cases that are *themselves* strike-worthy, and the PLRA's three-strikes rule is intended to limit cases filed by serial litigants who have already accumulated three strikes. Litigation that falls into neither of those categories is not relevant to the court's function under the PLRA. Dismissing a suit as malicious because the litigant omitted immaterial information imposes a pleading requirement more strict than dictated by statute. It also runs afoul of Federal Rule of Civil Procedure 83. And permitting dismissal based on immaterial omissions would create a circuit split with the Seventh Circuit's decision in *Greyer v. Illinois Department of Corrections*, 933 F.3d 871 (7th Cir. 2019).

**II.** In the alternative, the mere omission of a prior lawsuit from a PLRA-case prisoner complaint form, without an intent to deceive, does not constitute an "affirmative[] misrepresent[ion]" sufficient to justify dismissal of a suit as malicious under §§ 1914A, 1915(e)(2)(B)(i) and a strike under § 1915(g). Courts routinely find

that a "malicious" action involves some mal intent, and in the PLRA context, that means an intent to deceive the court. The district court determined Mr. McNair "affirmatively misrepresented" his litigation history without conducting any factfinding into his intent. In fact, Mr. McNair's omissions did not "affirmatively misrepresent" anything, and even if they did, there is no evidence at all that they were intended to deceive the court, considering that they were immaterial to the PLRA's screening process and three-strikes rule.

## STANDARD OF REVIEW

The district court's interpretation of the PLRA is "a statutory finding and constitutes a question of law" which this Court "review[s] *de novo*." *Hubbard v. Haley*, 262 F.3d 1194, 1196 (11th Cir. 2001). This Court also "review[s] *de novo* a district court's dismissal of a complaint under the PLRA's three-strikes provision." *Daker v. Ward*, 999 F.3d 1300, 1307 (11th Cir. 2021) (citing *Mitchell v. Nobles*, 873 F.3d 869, 873 (11th Cir. 2017)). The Court "review[s] the dismissal of a complaint as frivolous or malicious under 28 U.S.C. § 1915A for an abuse of discretion." *Id.* (citing *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011)). "Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Id.* (quoting *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006)). "An

error of law is an abuse of discretion *per se*." *Smith v. Miorelli*, 93 F.4th 1206, 1212 (11th Cir. 2024).

## ARGUMENT

At the PLRA's screening stage, courts are able to filter out cases filed by serial litigants who have already filed three or more cases that were dismissed as frivolous, malicious, or failed to state a claim. The PLRA only counts dismissed cases as strikes if the dismissal was for one of those three reasons. In reviewing the litigation history on a prisoner complaint form, courts look for prior cases dismissed for only those enumerated reasons. PLRA suits cannot be dismissed as "malicious" for immaterial omissions from the prisoner complaint form's litigation-history section. The substantial sanction of dismissing a lawsuit and charging a strike for an immaterial omission is categorically disproportionate, violates Federal Rule of Civil Procedure 83, and conflicts with the rule in the Seventh Circuit which bars PLRA dismissals for immaterial omissions.

Nor can PLRA suits be dismissed as "malicious" where there is no evidence that an indigent prisoner such as Mr. McNair omitted prior litigation history to deceive the court. Where, as here, the omission of the prior litigation history is immaterial, courts should apply a presumption that the plaintiff did *not* intend to deceive the court, as the plaintiff had no reason to do so. At a minimum, except in unusual circumstances, the question whether a plaintiff intended to deceive the court

should be determined after holding some kind of evidentiary hearing, as it cannot be determined on the basis of the pleadings alone.

## I. An Immaterial Omission Cannot Cause a PLRA Suit to Be Dismissed as Malicious at the Screening Stage

The PLRA does not dictate that the failure to disclose litigation history always warrants dismissal of a lawsuit as malicious. This Court has not yet announced a standard governing when an omission warrants dismissal, *Ward*, 999 F.3d at 1308, but the Seventh Circuit has held there is a materiality standard, s*ee Greyer*, 933 F.3d at 889. This Court should adopt that standard. The adoption of any other standard would "create [an] intercircuit split[]," something this Court does not do "lightly." *Moore v. Campbell*, 344 F.3d 1313, 1320 (11th Cir. 2003) (quoting *Pub. Health Tr. of Dade Cnty. v. Lake Aircraft, Inc.*, 992 F.2d 291, 295 n.4 (11th Cir. 1993)). The creation of a circuit split would undercut Congress's goal "to establish uniform national standards for the handling of [prisoner] cases in the federal courts." *Roller v. Gunn*, 107 F.3d 227, 234 (4th Cir. 1997). Allowing different courts to treat litigants differently undermines this goal, and there is "no indication that Congress sought to impose such a haphazard and inequitable system for stemming the tide of prisoner litigation." *Fourstar*, 875 F.3d at 1153. Adoption of the Seventh Circuit's standard would create an equal system among the circuits.

In the Seventh Circuit, the omission of prior litigation history can warrant dismissal as malicious if, and only if, the omission was both intentional and material.

*See Greyer*, 933 F.3d at 877-78. The court established this rule by finding that when a case subject to the PLRA is dismissed as malicious for failure to disclose litigation history, the dismissal is premised on a finding of fraud on the court and is a sanction. *Id.* at 877. Because the court's sanctioning power is limited and certain findings of fact are required with fraud, it was crucial that the district court made findings as to both intentionality and materiality before dismissing the suit as malicious. *Id.* at 877-78. The court then noted an omission is only material if it has some "bearing on the prisoner's ability to proceed under the PLRA"—most significantly, if "an undisclosed past case was dismissed as frivolous, malicious, or failed to state a claim (*i.e.*, it was or should have been a strike)." *Id.* at 880. So if a plaintiff failed to disclose a case that categorically *cannot* count as a strike, then the omission is not material. This rule makes sense: courts "should proceed carefully before imposing severe sanctions on prison litigants who omit portions of their litigation histories, if those omissions do not add strikes and thus have no bearing on the prisoner's ability to proceed under the PLRA." *Id.* In other words, courts should not dismiss suits as malicious if the omission was immaterial to the PLRA's three-strikes rule.

A materiality standard for dismissing suits as malicious is consistent with the purpose of the PLRA. The PLRA sought to control the flood of complaints filed by "'frequent filer' prisoner indigents (that is, prisoners who have had at least three prior prison-generated lawsuits or appeals dismissed as frivolous, malicious or

failing to state a claim upon which relief may be granted)." *Rivera*, 144 F.3d at 723.

If an inmate has never had a suit dismissed as frivolous, malicious, or for failure to state a claim, they are not a frequent filer. They do not have any strikes, nor any prior litigation history that would impact their ability to bring their suit *in forma pauperis*. Requiring an inmate to disclose immaterial litigation history or face dismissal at the screening stage imposes a "different and more onerous pleading rule[]" than Congress requires for PLRA cases, despite the Supreme Court having explicitly held that changes to PLRA pleading requirements "should be done through established rulemaking procedures, and not on a case-by-case basis by the courts." *Jones*, 549 U.S. at 224. The PLRA only cares about prior litigation when that litigation was dismissed as frivolous, malicious, or failed to state a claim. A materiality requirement here reflects that statutory choice.

A materiality requirement is also consistent with the law of this Circuit regarding sanctions. In this Circuit, a dismissal as malicious for failure to disclose prior litigation is a "sanction." *Rivera*, 144 F.3d at 731. The district court's "ability to fashion an appropriate sanction for conduct which abuses the judicial process" comes from its inherent powers,[3] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45

---

[3] The district court could have also dismissed the suit as a sanction under Rule 11. But a Rule 11 sanction requires the court to provide the litigant with notice of the alleged sanctionable conduct and an opportunity to show cause that they did not commit that conduct, neither of which occurred here. *See Mitchell v. Nobles*, 873

(1991), and this Court has stated that "[t]he key to unlocking a court's inherent power is a finding of bad faith," *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017). This Court has consistently held the standard for "inherent power sanctions" is a "subjective standard with a narrow exception for conduct tantamount to bad faith," which requires "direct evidence of subjective bad faith" or that the "conduct is so egregious that it could only be committed in bad faith." *Id.* at 1223-25. "Evidence of recklessness alone won't suffice." *Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020). That means a court can only sanction a party if their conduct is particularly offensive to the judicial process. Allowing a district court to sanction a PLRA litigant for omitting immaterial litigation history is inconsistent with this precedent. The Seventh Circuit's materiality requirement ensures a court only sanctions a party when there is bad faith and not mere mistake.

Further, a materiality requirement guarantees the district court's screening procedure is in line with the Federal Rules of Civil Procedure. A court's power to sanction should always be "exercised with restraint and discretion," *Chambers*, 501 U.S. at 44, but it is also "subordinate to valid statutory directives and prohibitions," like the Federal Rules, *Law v. Siegel*, 571 U.S. 415, 421 (2014). Rule 83 says a

---

F.3d 869, 875 (11th Cir. 2017). In *Mitchell*, this Court reversed the dismissal of a pro se suit that failed to accurately disclose litigation history "as a sanction under Rule 11" because there was no notice and opportunity to respond. *Id.* Thus, if the district court had dismissed Mr. McNair's suit as a Rule 11 sanction, precedent would require the Court to reverse.

district court's "local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply." Fed. R. Civ. P. 83(a)(2). Without a materiality standard, the district court's screening of the prisoner complaint form does just that. It requires a litigant to disclose *all* litigation history, whether it facilitates the court's enforcement of the PLRA or not, and a mistaken omission of immaterial fact leads to the imposition of a strike. Such a strict local rule violates Rule 83 because it "add[s] burdens beyond those authorized in the statute for litigants." *Greyer*, 933 F.3d at 881. Strikes are "the key[s] to the courthouse door," *Fourstar*, 875 F.3d at 1153, and "even a first strike may influence a prisoner's thinking as to whether filing a second complaint is worth the risk," *Pitts v. South Carolina*, 65 F.4th 141, 148 (4th Cir. 2023). Requiring an omission be intentional *and* material ensures the litigant is neither burdened beyond what is required by the PLRA nor punished for a nonwillful failure to comply with the local rule.[4]

In addition to avoiding a circuit split, the adoption of a materiality standard would bring much-needed uniformity to district courts in this Circuit. Without a

---

[4] Mr. McNair also notes that the district court acted *ultra vires* in issuing a strike at the time it dismissed his suit. As every circuit to consider the issue has held, a court lacks power, under both Article III and the PLRA, to issue a strike at the time it dismisses a suit. *See Pitts v. South Carolina*, 65 F.4th 141, 145-46 (4th Cir. 2023) (collecting cases); *Dooley v. Wetzel*, 957 F.3d 366, 377 (3d Cir. 2020). Instead, the determination must be left to a subsequent court. Thus, at minimum, this Court must vacate the district court's direction to count its dismissal as a strike.

materiality standard, there is no guarantee that like cases are treated alike. And, currently, the opposite is true. Some district courts in this Circuit have already applied a materiality standard when dismissing a complaint. *See Cochran v. Moore*, 2021 WL 5985324, at *3 (M.D. Ga. Nov. 10, 2021), *report and recommendation adopted*, 2021 WL 5985321 (M.D. Ga. Dec. 16, 2021); *O'Quinn v. Vice*, 2024 WL 96663, at *1 (N.D. Fla. Jan. 9, 2024). The district court here cited *Cochran*, which relied extensively on *Greyer*, and acknowledged that "other circuits require that, in order to qualify as malicious … a pro se prisoner litigant's omission of a prior lawsuit must be material," and that "Plaintiff's omissions here appear to fall below this materiality standard," but nevertheless failed to apply the materiality standard before dismissing the suit here. *See* A36 & n.1 (Doc. 11 at 3 & n.1). And the intracircuit inconsistencies do not end with the application of a materiality standard: twelve days after the decision below was issued in this case, the same district court *rejected* a report and recommendation from the same magistrate judge, finding that although the plaintiff "did not disclose every case he has ever filed," his failure to include these cases did not warrant dismissal as "malicious." *O'Quinn*, 2024 WL 96663, at *1. Reviewing this decision alongside the decision against Mr. McNair, it is not clear why Mr. McNair's mistake was "malicious" but Mr. O'Quinn's was not. This Court should follow the lead of the Seventh Circuit, applying a materiality standard to all omissions, and remedy this inconsistency.

Finally, the immateriality of his omissions sets Mr. McNair's case apart from the unpublished cases that the district court and magistrate judge cite. *See* A23 (Doc. 9 at 2), A28 (Doc. 9 at 7), A35-36 (Doc. 11 at 2-3). In those cases, and almost all others in this Circuit, courts have dismissed for malicious "abuse of the judicial process" because the prisoner's omissions consisted of cases that counted as strikes—information that the court uses to carry out its screening function and its "duty to enforce the statutory three strikes bar" under the PLRA. *Cochran*, 2021 WL 5985324, at *3 (dismissal for omission of "cases that have been dismissed as frivolous, malicious, or for failing to state a claim"); *see also Jackson*, 491 F. App'x at 132 (failure to disclose a case screened under PLRA and the fact that another disclosed case had been dismissed for failure to state a claim); *Rivera*, 144 F.3d at 731 (failure to disclose case whose dismissal was "equivalent of a dismissal for failure to state a claim"); *Sears*, 509 F. App'x at 835 (failure to disclose case that had been dismissed for failure to state a claim); *Burrell v. Brown*, 2020 WL 6329863, at *1 (S.D. Ala. Sept. 25, 2020) (failure to disclose "prior, non-habeas actions concerning [litigant's] imprisonment"), *report and recommendation adopted*, 2020 WL 6325702 (S.D. Ala. Oct. 28, 2020). And the Seventh Circuit has noticed most malicious PLRA-case dismissals based on an omission follow this pattern. *Greyer*, 933 F.3d at 880 ("It is notable that in the majority of cases in which we have affirmed dismissal ... the problem was a ... failure to reveal a case that led to a strike, or that

demonstrated that the prisoner had already struck out"). As explained and as the district court acknowledges, A36 n.1 (Doc. 11 at 3 n.1), Mr. McNair's omissions categorically could not count as strikes, so the aforementioned cases do not control the outcome for Mr. McNair.

To be sure, the accurate disclosure of prior litigation history is important to the district court's "efficient and effective screening of pro se prisoner complaints," A35 (Doc. 11 at 2), but this Court has never held the unintentional failure to disclose immaterial information hinders that process. "[O]utright dismissal of a lawsuit … is a particularly severe sanction," *Chambers*, 501 U.S. at 45, and for PLRA litigants, dismissal as malicious is even more severe because it impacts their ability to bring future suits. The harshness of this penalty is disproportionate to any harm caused by the omission of immaterial information. And such a penalty is incompatible with the PLRA's text. Immaterial prior litigation history is irrelevant under the statute, meaning that a court that finds immaterial history relevant is imposing a requirement more onerous than the one Congress set forth. Such a finding is in violation of Rule 83, creates a split with the Seventh Circuit, and sows confusion among courts in this Circuit. The adoption of a materiality standard would harmonize the law of this Circuit, the law of the Seventh Circuit, the Federal Rules of Civil Procedure, and the PLRA's text and purpose.

## II. An Omission Without Intent to Deceive is Not Malicious

As the Seventh Circuit has held, a prisoner's omission of prior litigation history must be both material *and* intentional for the case to be dismissed as malicious. *See Greyer*, 933 F.3d at 877-78. The district court here found Mr. McNair's omissions were intentional—but it could not have made that assessment at the screening stage, with no hearing and no findings of fact. The fact that the omissions were immaterial should have given rise to a heavy presumption that the omissions were unintentional because Mr. McNair received no benefit by omitting the cases he omitted. The district court's unexplained determination that Mr. McNair's omissions were intentional is reversible error.

### A. Dismissal as Malicious Requires Intent to Deceive

Even if the Court splits with the Seventh Circuit and holds that an omission's materiality is not required to deem a suit "malicious" under the PLRA, it is well-established that an omission made without an intent to deceive the court cannot be dismissed as malicious. The district court abused its discretion in deciding on this record—without so much as a hearing—that Mr. McNair's omissions were an "affirmative[] misrepresent[ation]" characterized by an intent sufficient to dismiss the action as malicious. *See* A36 (Doc. 11 at 3).

This Court has long held that a case should be dismissed as "malicious" only after the court identifies some "bad faith litigiousness or manipulative tactics."

*Attwood*, 105 F.3d at 613; *see also Ward*, 999 F.3d at 1308 (filing a "duplicative complaint" is "malicious"). This Circuit's cases involving malicious "abuse of the judicial process" commonly cite *Attwood*, where the record showed that the litigant had "deliberately filed a false [*in forma pauperis*] application" that was "manipulative[ly] ... designed to further" a "history of abusing the judicial process." *Id*. at 612-13; *see also Sears*, 509 F. App'x at 936 (citing *Attwood*, 105 F.3d at 613); *Jackson*, 491 F. App'x at 132 (same). More recently, this Court has indicated that an action brought by a prisoner-litigant is "malicious" if it "improper[ly] … use[s]" the judicial process "to obtain a result that is either unlawful or beyond the process's scope," such as a duplicative action brought "to circumvent court orders in [a prior] case." *Daker v. Bryson*, 841 F. App'x 115, 121 (11th Cir. 2020) (quotation marks omitted). This Court has held that the "purpose of § 1915 is not to punish a litigant for insignificant discrepancies."[5] *Daker v. Head*, 2022 WL 2903410, at *2, *3 (11th Cir. July 22, 2022); *accord Matthews v. Gaither*, 902 F.2d 877, 881 (11th Cir. 1990) (reversing dismissal for a "misstatement" in the application where inaccuracy was "minimal" and "there is no evidence that the misstatement was made in bad faith"). In *Daker v. Head*, this Court stated that "not every inaccuracy … must be construed

---

[5] *Daker v. Head* concerned a dismissal with prejudice pursuant to § 1915(e)(2)(A), because the plaintiff's allegations of poverty were untrue, but this Court's general statements about the § 1915's purpose remain true in cases concerning dismissal for the other enumerated reasons.

as a false assertion, warranting loss of [*in forma pauperis*] eligibility." 2022 WL 2903410 at *2. It is equally true that not every inaccuracy must be construed as malicious, warranting dismissal.

Following this principle, courts in this Circuit have recognized that prisoner-litigants may omit information about a known prior case from a prisoner's complaint form without an intent to deceive or otherwise "abus[e]" the court. *See, e.g.*, *Williams v. Brown*, 347 F. App'x 429, 432 (11th Cir. 2009) (unpublished) (no dismissal, because "failure to disclose one appeal does not qualify as 'malicious' or evidence bad faith"); *Harris v. Singletary*, 2023 WL 4315736, at *8 (M.D. Fla. July 3, 2023) (no dismissal as malicious under § 1915A(b)(1) where "omission seemingly arose from ignorance of procedure" rather than "bad faith" or "attempt to deceive the [c]ourt"); *Denison v. Spradlin*, 2015 WL 427833, at *2 (M.D. Ga. Feb. 2, 2015) (reversing dismissal because court "not convinced" that prisoner's "case is due to be dismissed [as malicious] for failure to identify each and every suit ever filed"); *Murphy v. Kennedy*, 2005 WL 1353945, at *4 (S.D. Ga. May 16, 2005) (no dismissal as malicious where defendant argued that the prisoner "lied about the number of his prior strikes"); *O'Quinn*, 2024 WL 96663, at *1 (similar). Courts in this Circuit thus regularly recognize there are non-malicious reasons for omissions, including a misunderstanding of the litigation-history questionnaire's instructions or a mistake relating to the prisoner's own litigation history.

It is unsurprising that pro se prison litigants occasionally get confused by cumbersome litigation-history questionnaires. As the Seventh Circuit recognized, complaint form requirements can prove confusing even for counsel, so "[u]nderstandably, someone with no legal training" may make mistakes. *Greyer*, 933 F.3d at 878; *see also Murphy*, 2005 WL 1353945, at *4-5. And as a practical matter, "[e]ven for indigent prisoners who have been incarcerated for years, [i]t is not a great leap to think that [a pro se prisoner] may have *unintentionally* forgotten a couple of prior cases" concerning their conviction or their conditions of confinement. *Greyer*, 933 F.3d at 879 (emphasis added); *see also Murphy*, 2005 WL 1353945, at *4-5. These litigants are often filling out these forms in situations with limited resources, and they are being asked to recall information spanning years, or even decades. Thus, "[i]n the absence of any indication that a prisoner is acting in bad faith in an attempt to conceal his prior litigation history," at least one district court in this Circuit has stated that the prisoner "should not be barred at the outset from filing" an action or appeal merely because the filed form did not cover "every fact concerning prior lawsuits." *Id.* at *3 (citing *In re Epps*, 888 F.2d 964, 968-69 (2d Cir. 1989), and 32 Am. Jur. 2d *Federal Courts* § 533 (2004)). And the prisoner certainly should not incur a strike for such a mistake. *See Hoskins*, 633 F.3d at 544 (prisoner "incur[red] no strikes" where dismissals were "sanctions for disobeying a court rule" and did not include "finding … of a[] [malicious] intent").

**B.** **Dismissal as Malicious Requires Case-Specific Factual Consideration of Litigant's Intent**

The district court here stated it "will not tolerate … *any*" omissions from prisoner complaint forms, but did not explain why *any* omission is malicious. A26 (Doc. 9 at 5) (emphasis added). Before recommending dismissal as malicious, the magistrate judge evaluated only: (i) whether the "complaint form required disclosure," assuming that Mr. McNair then *knew* that the complaint form required "accurate disclosure of … litigation history," *see* A28 (Doc. 9 at 7), and (ii) whether the prisoner had signed the complaint under penalty of perjury. There was no assessment of intent, reason for the mistake, materiality, or any other consideration. So it is unclear how this brief assessment yielded a finding of "maliciousness."

No court has ever announced that it is a per se rule that every omission of a prior case must always warrant dismissal as "malicious" under the PLRA, and this court should not be the first to countenance such a rule. Ruling as if every omission is automatically an "abuse of judicial process" that makes a complaint "malicious" veers hazardously close to "effectively writing another category of strikes into the PLRA"—one that Congress "could have" but did not include. *Butler v. Dep't of Justice*, 492 F.3d 440, 443-44 (D.C. Cir. 2007) (declining to use its discretion to establish a "*per se* rule that would count all dismissals for failure to prosecute" as malicious or as a strike); *see Murphy*, 2005 WL 1353945, at *5 ("Congress listed …

grounds in [§ 1915(e)(2)], but misrepresenting the quantity and legal nature of prior lawsuits is not one of them").

Judicial policy interests do not support screening or dismissal, much less implementing a strike, under a "malicious" standard. As the district court and magistrate judge posited in justifying sua sponte dismissal here, courts may have reasons for "penal[izing]" inaccuracies on prisoner complaint forms. A28 (Doc. 9 at 7), A35-36 (Doc. 11 at 2-3). Mr. McNair does not call this into question or dispute any of the important reasons the court below articulated in support of robust screening under § 1915A. *See* A35 (Doc. 11 at 2); A28 (Doc. 9 at 7); A24 (Doc. 9 at 3). But even if there are "good policy reasons" for strict screening, courts may not "substitute [their] policy judgment" for the PLRA's text. *Butler*, 492 F.3d at 444 (citing *Neitzke*, 490 U.S. at 326). Indeed, even if the policy reasons align with the PLRA's aims, an unintentional omission from a prisoner complaint form simply does not automatically make it a "malicious" complaint. The policy reasons that the district court and magistrate judge cite—efficiency, deterrence, and burden—are the very ones that the Supreme Court and other circuits have refused to countenance, even though a per se dismissal rule may present an "[a]ppealing[ly] ... broadbrush means" of dealing with the "problems in judicial administration caused by the surfeit" of prisoner complaints. *Neitzke*, 490 U.S. at 326; *see Butler*, 492 F.3d at 444.

Further, the dismissal of cases as malicious at the screening stage without consideration of the case's merits or the prisoner's intent "is an expansion of the statute" that "would *not* even advance the purpose of the PLRA." *Butler*, 492 F.3d at 444 (emphasis added). The purpose of the PLRA is to limit filings that are so non-meritorious or ill-intentioned that "they should never have been brought at the outset." *Neitzke*, 490 U.S. at 328. The prisoner complaint form is only a "mechanism whereby courts may ... ensure compliance with their rules and orders." *Butler*, 492 F.3d at 444. It does not evaluate the merits of a prisoner's claims. Moreover, indigent prisoners like Mr. McNair, who intended to complete the form accurately, would not be deterred from initiating cases; if they *are* deterred, this "broadbrush" rule may actually defeat the PLRA's purpose of "filter[ing] out the bad [cases] and facilitat[ing] consideration of the good." *Jones*, 549 U.S. at 203-04.

An intentionality requirement ensures the district court's screening of the prisoner complaint form is consistent with the PLRA and does not overreach, in violation of either Rule 83 or the Supreme Court's decision in *Jones v. Bock*. Unintentional mistakes are not malicious and should not be punished with the "particularly severe sanction" of dismissal as malicious. *Chambers*, 501 U.S. at 45.

### C. The Mistaken Omissions Here Do Not Make the Complaint Malicious

The district court abused its discretion in concluding that Mr. McNair's mistaken omissions rendered his complaint "malicious" under the PLRA. Neither

the district court nor the magistrate judge pointed to evidence in the record that would support a specific finding of affirmative misrepresentation or other abuse of the judicial process. Nor could they, because the only "evidence" in the record consisted of the filed prisoner complaint form and Mr. McNair's objections to the magistrate judge's report and recommendation. Moreover, in this case, where the omissions were immaterial, the court should have started from the presumption that the omissions were *unintentional* because Mr. McNair had nothing to gain by omitting prior cases that do not count as strikes.

Dismissal is warranted only if the litigant had some intent for the action to be "malicious"—whether that involves deceit or abuse. The district court implicitly recognized as much in its order, finding that Mr. McNair "affirmatively misrepresented" his litigation history. A36 (Doc. 11 at 3). The order quotes case law discussing "false or misleading" representations, A35 (Doc. 11 at 2), and both the district court and the magistrate implied that the omissions were an "attempt to evade" the complaint form's requirements, A28 (Doc. 9 at 7), A35 (Doc. 11 at 2), and thus "undermine" or "circumvent[]" the judicial process, A28 (Doc. 9 at 7). These assumptions are unsubstantiated. But even taking them on their face, Mr. McNair's omissions were not accompanied by the mal intent that makes an action "malicious" under the PLRA.

First, the court pointed to no evidence that Mr. McNair's omissions amounted to "affirmative[] misrepresent[ation]" of his prior litigation history. A29 (Doc. 9 at 8); A36 (Doc. 11 at 3). The fact that a prisoner "did not disclose every case he has ever filed" on a prisoner complaint form does not alone conclusively "support a finding that [the prisoner] *affirmatively* misrepresented his litigation history." *O'Quinn,* 2024 WL 96663, at *1. Here, the record, particularly Mr. McNair's objections to the report and recommendation, suggests the opposite. As the district court acknowledged, "in [Mr. McNair's] view," "he was not required to disclose," at minimum, the appeal of his habeas case. A35 (Doc. 11 at 2). And, while Mr. McNair "concedes" he omitted a prior habeas case, he never states he did so intentionally. Rather, in making this "concession," he lists the docket number of a case he *did* disclose. *Compare* A34 (Doc. 11 at 1) *with* A18 (Doc. 1 at 16) (disclosure form). The record before the district court was (and is) entirely consistent with Mr. McNair simply being confused about the prisoner complaint form's requirements when he filled out the litigation-history questionnaire *and* remaining confused when he filed his objections.

Moreover, where, as in this case, the omissions were immaterial the court should apply a strong presumption that the litigant lacked an intent to deceive the court. The district court cited two alleged omissions: one habeas case and one appeal of a different habeas case. A petition for a writ of habeas corpus, and consequently

the appeal of the denial of such a petition, is not subject to the PLRA, *Anderson*, 111 F.3d at 805, and "do[es] not give rise to a strike under the PLRA," *Greyer,* 933 F.3d at 878; *accord Wood v. Williams*, 725 F. App'x 917, 918 (11th Cir. 2018) (holding that prior dismissal of a habeas petition "does not count as a strike"). A litigant would only need to deceive the court about their prior litigation if they were attempting to conceal prior strikes or prior litigation that would result in a finding of frivolousness or maliciousness (like a duplicative complaint). But the immateriality (and technicality) of the omissions here makes clear that Mr. McNair was not trying to conceal prior strikes, as his omitted cases *could not count as strikes*. He had no reason to lie to the court about his prior litigation history. In cases such as this, a district court at least must explain why a litigant who had no reason to deceive the court about the existence of earlier cases would nonetheless attempt to do so.

At a minimum, in cases like this one where evidence of intent to deceive is not evident on the face of the submissions, the district court should at least hold some kind of hearing to determine whether the PLRA plaintiff indeed acted with the intent to deceive the court. Except in rare circumstances, and certainly not in this case, a court armed only with the PLRA prisoner complaint form and objections to a magistrate judge's report and recommendation cannot adequately determine whether the omission of immaterial cases from a litigation-history questionnaire was

undertaken with the requisite intent to deceive the court necessary to deem the omission "malicious" under the PLRA.

* * * * *

Occasionally, through no fault of their own, litigants have long and complex post-conviction litigation histories before they file a single suit governed by the PLRA or notch a single strike. And occasionally, when they finally have need to bring a suit challenging the conditions of their confinement under § 1983, such prisoner-litigants, often proceeding pro se, may mistakenly omit part of their litigation history. These mistakes are understandable, and the PLRA does not punish every mistake. *See Greyer*, 933 F.3d at 878 ("Understandably, someone with no legal training might not draw the conclusion that he must include his habeas corpus petition[.]"). Mr. McNair's mistake is one outside the bounds of the PLRA. It was neither intentional nor material, and it was not done to deceive the court regarding his eligibility to proceed *in forma pauperis*. Without materiality *and* that intent to deceive, Mr. McNair's omissions cannot justify dismissal as malicious under the PLRA.

## CONCLUSION

The Court should reverse the decision below and reinstate Mr. McNair's complaint.

Dated: March 27, 2024

Respectfully submitted,

*/s/ Andrew T. Tutt*

| | |
|---|---|
| Nicole Masiello | R. Stanton Jones |
| Claire Fahlman | Andrew T. Tutt |
| ARNOLD & PORTER | Dana Or |
|   KAYE SCHOLER LLP | Katie Weng |
| 250 West 55th Street | ARNOLD & PORTER |
| New York, NY 10019-9710 |   KAYE SCHOLER LLP |
| Telephone: (212) 836-8000 | 601 Massachusetts Avenue, NW |
| Fax: (212) 836-8689 | Washington, DC 20001 |
| | Telephone: (202) 942-5000 |
| | Fax: (202) 942-5999 |
| | andrew.tutt@arnoldporter.com |

*Counsel for Appellant James McNair*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing brief was filed electronically on March 27, 2024 and will therefore be served electronically upon all counsel.

*/s/ Andrew T. Tutt*
Andrew T. Tutt

*Counsel for Appellant James McNair*

**CERTIFICATE OF COMPLIANCE**

This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7) and Eleventh Circuit Rule 32-4, because it contains 9,184 words, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), according to the word count feature of Microsoft Word. This document complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6), and Eleventh Circuit Rule 32-3, because it has been prepared in a proportionally spaced typeface using 14-point Times New Roman font.

*/s/ Andrew T. Tutt*
Andrew T. Tutt

*Counsel for Appellant James McNair*