# In the United States Court of Appeals for the Eleventh Circuit

---◆---

**JAMES MCNAIR,**
*Plaintiff-Appellant,*

v.

**K. JOHNSON,**
*Defendant-Appellee.*

---◆---

Appeal from the United States District Court
for the Northern District of Florida
No. 4:23-cv-00505-MW-MAF

---◆---

## APPELLEE'S RESPONSE BRIEF

---◆---

Michael J. Bentley
R. Sumner Fortenberry
Bradley Arant Boult Cummings LLP
188 E Capitol Street, Suite 1000
Jackson, MS 39201
mbentley@bradley.com
sfortenberry@bradley.com

Jacob B. Hanson
Bradley Arant Boult Cummings LLP
1001 Water Street, Suite 1000
Tampa, FL 33602
(813) 559-5500
jhanson@bradley.com

*Attorneys for Defendant-Appellee K. Johnson*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

The following is a list of all judges, attorneys, persons, associations of persons, firms, partnerships, corporations, and other legal entities that have an interest in the outcome of this case, including subsidiaries, conglomerates, affiliates and parent corporations, any publicly held company that owns 10 percent or more of a party's stock, and other identifiable legal entities related to a party:

Arnold & Porter Kaye Scholer LLP, Law Firm for Plaintiff-Appellant

Bentley, Michael J., Counsel for Appellee

Bradley Arant Boult Cummings LLP, Law Firm for Defendants-Appellees

Centurion of Florida, LLC

Centurion, LLC

Centurion Equity, Inc.

DeSousa, Jeffrey, Counsel for Amici

Fahlman, Claire, Counsel for Plaintiff-Appellant

Florida, State of, Amici

Fortenberry, R. Sumner, Counsel for Appellee

Hanson, Jacob, Counsel for Appellee

Huang, Allen, Counsel for Amici

Fitzpatrick, Martin U.S. Magistrate Judge, Middle District of Florida

Johnson, K., Defendant-Appellee

Jones, R. Stanton, Counsel for Plaintiff-Appellant

Masiello, Nicole, Counsel for Plaintiff-Appellant

McNair, James, Plaintiff-Appellant

MHM Services, Inc.

Or, Dana, Counsel for Plaintiff-Appellant

Walker, Mark U.S. District Judge, Northern District of Florida

Weng, Katie, Counsel for Plaintiff-Appellant

Whitaker, Henry, Counsel for Amici

Tutt, Andrew T., Counsel for Plaintiff-Appellant

Centurion of Florida, LLC, is a wholly owned subsidiary of Centurion, LLC which is, in turn a wholly owned subsidiary of MHM Services, Inc. MHM Services, Inc. is a wholly owned subsidiary of Centurion Equity, Inc. Centurion Equity, Inc. is a privately owned corporation. There are no publicly held companies that own more than 10% of the stock of Centurion Equity, Inc.

/s/ *Michael J. Bentley*
*Attorney for Defendant-Appellee*

## STATEMENT REGARDING ORAL ARGUMENT

Appellee K. Johnson ("Nurse Johnson") respectfully requests oral argument. This appeal presents an important and recurring question regarding a district court's discretion to dismiss a *pro se* prisoner's civil lawsuit when the prisoner fails to comply with the district court's directive to disclose his past litigation history. Resolution of this question will have a substantial impact on correctional healthcare providers like Nurse Johnson—employees who regularly face frivolous prisoner litigation. Oral argument will allow a fulsome exposition of the wide-ranging consequences that will inevitably arise from the appellant's requested curtailment of a district court's inherent discretion to control its docket.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ............................................. 1

STATEMENT REGARDING ORAL ARGUMENT ................................. 4

TABLE OF AUTHORITIES ................................................................... 7

STATEMENT OF THE ISSUES ............................................................ 11

STATEMENT OF THE CASE .............................................................. 12

    I.    The district court dismisses McNair's case *sua sponte* for McNair's failure to accurately disclose his litigation history .......................................................................... 12

    II.    McNair appeals and Nurse Johnson learns of the appeal after this Court invites amicus briefing. .................. 16

STANDARD OF REVIEW ................................................................... 17

SUMMARY OF THE ARGUMENT ....................................................... 18

ARGUMENT ................................................................................... 20

    I.    A prisoner's accurate disclosure of past litigation history is imperative to a district court's application of the PLRA's screening mandate ............................................ 20

    II.    District courts in this Circuit do not abuse their discretion by dismissing a prisoner's lawsuit for inaccurate disclosure of litigation history. ........................... 23

    III.    The district court did not abuse its discretion in dismissing McNair's lawsuit. ............................................. 28

    IV.    This Court should follow the panels of this Circuit affirming dismissals without prejudice in circumstances like these. .................................................... 30

        A.    *Greyer* is distinguishable on its facts ........................... 30

B.      Applying *Greyer* here unduly curtails a district
        court's discretion in PLRA cases...................................34

CONCLUSION........................................................................39

CERTIFICATE OF COMPLIANCE.........................................41

CERTIFICATE OF SERVICE.................................................42

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Achille v. Bynum,*
  2024 WL 5113503 (N.D. Fla. Nov. 12, 2024), *report and recommendation adopted sub nom. Achille v. Bynum*, 2024 WL 5111949 (N.D. Fla. Dec. 13, 2024) ...................................... *passim*

*Adams v. Todd,*
  No. 23-10908, 2024 WL 4449453 (11th Cir. Oct. 9, 2024) ................ 28

*Albra v. Advan, Inc.,*
  490 F.3d 826 (11th Cir. 2007) ........................................................... 27

*Allen v. Santiago,*
  2023 WL 5745494 (11th Cir. Sept. 6, 2023) ...................................... 25

*Anderson v. Dunn,*
  6 Wheat. 204 (1821) ........................................................................... 26

*Attwood v. Singletary,*
  105 F.3d 610 (11th Cir. 1997) ........................................................... 18

*Ballard v. Broling,*
  No. 22-12651, 2023 WL 6799147 (11th Cir. Oct. 16, 2023) .............. 38

*Barnhill v. United States,*
  11 F.3d 1360 (7th Cir. 1993) ............................................................. 33

*Chambers v. NASCO, Inc.,*
  501 U.S. 32 (1991) ...................................................................... 20, 26

*Clark v. Cowen,*
  No. 5:23-CV-00005-MTT-MSH, 2023 WL 11994976 (M.D. Ga. Aug. 4, 2023), *report and recommendation adopted sub nom. Clark v. Cowen*, No. 5:23-CV-5 (MTT), 2023 WL 11996853 (M.D. Ga. Sept. 6, 2023) .................................................... 38

*Cochran v. Moore*, No. 7:21-CV-00129-HL-TQL, 2021
    WL 5985324 (M.D. Ga. Nov. 10, 2021), *report and
    recommendation adopted,* 2021 WL 5985321 (M.D. Ga.
    Dec. 16, 2021))............................................................ 16

*Cowart v. Owens,*
    2017 WL 11846077 (11th Cir. May 24, 2017) ........................ 25, 27, 28

*Daker v. Ward,*
    999 F.3d 1300 (11th Cir. 2021)................................................... 18, 19

*Dupree v. Palmer,*
    284 F.3d 1234 (11th Cir. 2002).......................................................... 21

*Dynes v. Army Air Force Exch. Serv.,*
    720 F.2d 1495 (11th Cir. 1983)................................................... 28, 29

*Greyer v. Illinois Dep't Corr.,*
    933 F.3d 871 (7th Cir. 2019)..................................................... *passim*

*Harris v. Garner,*
    216 F.3d 970 (11th Cir. 2000)........................................................... 21

*Hines v. Thomas,*
    604 F. App'x 796 (11th Cir. 2015)..................................................... 28

*Hood v. Tompkins,*
    197 F. App'x 818 (11th Cir. 2006)............................................. *passim*

*Hoskins v. Dart,*
    633 F.3d 541 (7th Cir. 2011)............................................................. 27

*Hubbard v. Haley,*
    262 F.3d 1194 (11th Cir. 2001)................................................... 19, 21

*Jones v. Szalai,*
    778 F. App'x 847 (11th Cir. 2019)......................................... 25, 28, 29

*Justice v. United States,*
    6 F.3d 1474,  n.15 (11th Cir. 1993)................................................... 29

*Kendrick v. Sec'y, Fla. Dep't of Corr.*,
  2022 WL 2388425 (11th Cir. July 1, 2022) ........................... 22, 27, 30

*Kotzen v. Levine*,
  678 F.2d 140 (11th Cir. 1982) ........................................................ 29

*Link v. Wabash R. Co.*,
  370 U.S. 626 (1962) ........................................................................ 26

*McNair v. Allen*,
  515 F.3d 1168 (11th Cir. 2008 ....................................................... 29

*Morrell v. Georgia*,
  2023 WL 5051186 (11th Cir. Feb. 27, 2023) ............................... 19, 25

*Negrin v. Georgia Dep't of Corr.*, 2023
  WL 2905167 (M.D. Ga. Mar. 7, 2023), *report and
  recommendation adopted*, No. 722CV138WLSTQL, 2023
  WL 2905169 (M.D. Ga. Apr. 10, 2023) ...................................... 23, 24

*Perry v. Locklear*,
  2019 WL 2240535 (11th Cir. May 14, 2019) ......................... 25, 31, 35

*Purchasing Power, LLC v. Bluestem Brands, Inc.*,
  851 F.3d 1218 (11th Cir. 2017) ....................................................... 37

*Reid v. Warden*,
  No. 18-10392-D, 2018 WL 11335487 (11th Cir. Aug. 23,
  2018) ............................................................................................... 29

*Reynolds v. Lowery*,
  2018 WL 4206932 (11th Cir. Aug. 8, 2018) ................................... 25

*Rickerson v. Sec'y, Fla. Dep't of Corr.*,
  2021 WL 6098415 (11th Cir. Nov. 2, 2021) .............................. *passim*

*Rivera v. Allin*,
  144 F.3d 719 (11th Cir. 1998), *abrogated in part on
  different grounds by Jones v. Bock*, 549 U.S. 199 (2007) .................. 25

*Sanders v. Melvin,*
    25 F.4th 475 (7th Cir. 2022) .............................................. 34

*Secrease v. W. & S. Life Ins. Co.,*
    800 F.3d 397 (7th Cir. 2015) ....................................... 27, 30

*Tannenbaum v. United States,*
    148 F.3d 1262 (11th Cir. 1998) ......................................... 32

*United States v. Ruetz,*
    334 F. App'x 294 (11th Cir. 2009) ..................................... 32

*Young v. Sec'y Fla. for Dep't of Corr.,*
    380 F. App'x 939 (11th Cir. 2010) ..................................... 26

*Young v. United States ex rel. Vuitton et Fils S.A.,*
    481 U.S. 787 (1987) .................................................. 26

*Zocaras v. Castro,*
    465 F.3d 479 (11th Cir. 2006) ......................................... 19

## Statutes

28 U.S.C. § 1915(e)(2)(B), (g) .................................. 16, 19, 21

Prison Litigation Reform Act ...................................... *passim*

## Other Authorities

Fed. R. Civ. P. 11 .................................................... 18

N.D. Fla. L.R. 5.7(a) ............................................. 14, 22

## STATEMENT OF THE ISSUES

It is an axiom of internal federal court procedure that a district court possesses immense discretion in managing its docket and policing noncompliance with its orders. This discretion is only heightened in the context of the Prison Litigation Reform Act, when the district court is tasked with screening *pro se* prisoner complaints for compliance with that statute. This case presents a single, narrow issue for this Court's review: does a district court abuse its substantial discretion by dismissing, without prejudice, a *pro se* prisoner's civil lawsuit when the prisoner violates the district court's order to fully disclose his prior litigation history?

# STATEMENT OF THE CASE

## I.  The district court dismisses McNair's case *sua sponte* for McNair's failure to accurately disclose his litigation history.

James McNair was convicted of armed robbery in 2008 and is serving a life sentence in the custody of the Florida Department of Corrections ("FDOC"). **Blue Br. at 11.** In November 2023, McNair sued Kim Johnson—a nurse at the facility where McNair was held—in the United States District Court for the Northern District of Florida. ECF No. 1. McNair alleged violations of his constitutional rights arising out of Johnson's alleged failure to prescribe prednisone for a coughing condition from which McNair claims to suffer. *See id.*; **Blue Br. at 14–15.**

Like many district courts, the Northern District of Florida requires that *pro se* prisoners disclose their prior litigation history on a form complaint so the district court can screen the complaint for compliance with the PLRA. The disclosure requirements are plainspoken and clear:

**VIII.  PRIOR LITIGATION**

> *This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.*

ECF No. 1 at 8; *see also* N.D. Fla. L.R. 5.7(a) (requiring use of form). If that admonition was not clear enough, the form goes on to ask specifically:

> C. Have you filed any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?.

*Id.* at 15.

In filling out this complaint form, McNair noted that he had initiated prior litigation challenging his conviction. Indeed, he identified no less than six prior lawsuits. *Id.* at 14–16. Then, he swore to the accuracy of his disclosures:

> **IX. CERTIFICATION**
>
> 1. I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

*Id.* at 17.

Despite these clear instructions and his representations, though, McNair had *not*, in fact, disclosed all of his prior litigation history. Magistrate Judge Martin Fitzpatrick, screening McNair's complaint,

unearthed both an appeal and a habeas petition that McNair failed to list on the form complaint. ECF No. 9 at 6–7.[1] Because of these omissions, Judge Fitzpatrick recommended that McNair's complaint be dismissed *without* prejudice, noting numerous published and panel decisions from this Circuit countenancing such a result. ECF No. 9 at 1–2, 7. In recommending dismissal, Judge Fitzpatrick noted that without a "penalty" for McNair's untruthful answers, "there would be little or no disincentive for his attempt to evade or undermine the purpose of the form." *Id.* at 7. The magistrate judge also emphasized potential abuse by other prisoners "if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner." *Id.*

McNair objected to Judge Fitzpatrick's recommendation. ECF No. 10. But when confronted with the omissions from his litigation history, McNair "concede[d]" that he had omitted the habeas petition and provided no explanation for its omission beyond stating his "records" suggested the first habeas petition shared a case number with a later

---

[1] As McNair points out, the habeas petition was wrongly identified as M.D. Fla. No. 5:10-cv-00638-MSS-PRL when it should have borne the designation M.D. Fla. No. 5:10-cv-00520-RAL-AEP. **Blue Br. at 16 & n. 2.**

case. ECF No. 10 at 1. With respect to the omitted appeal, McNair merely stated his "understanding" that it was not an "appeal[ ] challenging Plaintiff's conviction." *See id.*

After considering McNair's objections, District Judge Mark Walker agreed with Judge Fitzpatrick's recommendation and dismissed the case under Section 1915(e)(B)(i). ECF No. 11. The district court emphasized the plain language of the form: McNair was required to list "any other lawsuit, habeas corpus petition, *or appeal* in state or federal court either challenging [his] conviction or relating to the conditions of [his] confinement." ECF No. 11 at 2 (citing ECF No. 1 at 15) (emphasis in original). In line with other district courts and panels of this Court, the district court reasoned that "[r]eliable disclosures" were imperative to the PLRA screening process and that to overlook these "abuse[s] of the judicial process" would create perverse incentives for prisoners to evade the form's plain requirements. *Id.* at 2–3 (quoting *Cochran v. Moore*, No. 7:21-CV-00129-HL-TQL, 2021 WL 5985324, at *3 (M.D. Ga. Nov. 10, 2021), *report and recommendation adopted,* 2021 WL 5985321 (M.D. Ga. Dec. 16, 2021)). The district court then dismissed the case without prejudice. *Id.* at 3.

Because McNair's *pro se* complaint was dismissed at the screening stage, Nurse Johnson was never served. ECF No. 19 at 4.

## II. McNair appeals and Nurse Johnson learns of the appeal after this Court invites amicus briefing.

McNair, assisted by counsel, appealed the district court's dismissal order. ECF No. 15. When no response from Nurse Johnson was forthcoming, McNair moved for summary reversal. ECF No. 19 at 4–5. Alternatively, McNair suggested that the Court might want to appoint amicus curiae counsel to defend the decision below. *Id.* at 5.

On August 29, 2024, this Court denied McNair's motion for summary reversal and "invite[d] the State of Florida to file an amicus brief defending the district court's judgment in this appeal and appear at any oral argument." ECF No. 21 at 2. The Court requested a response within 14 days. *Id.* On September 25, 2024, the State of Florida explained that it had not received notice until September 18, 2024, but "accept[ed] the Court's invitation . . . to file an amicus brief defending the district court's judgment in this appeal and appear at any oral argument." ECF No. 25 at 4. The State's filing deadline was subsequently extended to November 11, 2024.

Soon after receiving the Court's notice, the State of Florida learned that Nurse Johnson had been a medical provider for FDOC's contract healthcare provider, Centurion of Florida, LLC, ("Centurion") and graciously notified Centurion of these appellate proceedings. After considering the briefing and the posture of this appeal, Centurion and Nurse Johnson determined that, if she did not intervene, Nurse Johnson's legal rights and defenses could be directly impacted without the Court hearing from her on the issues. Consequently, Nurse Johnson moved to intervene on November 4, 2024. Dkt. No. 24-10153, ECF No. 29. On December 5, 2024, this Court granted intervention and set a briefing schedule. ECF No. 36-2.

## STANDARD OF REVIEW

The dismissal of a complaint as frivolous or malicious under the Prison Litigation Reform Act ("PLRA") is reviewed for an abuse of discretion. *Daker v. Ward*, 999 F.3d 1300, 1307 (11th Cir. 2021). Sanctions imposed under the PLRA or Federal Rule of Civil Procedure 11 are also reviewed for an abuse of discretion. *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997). "Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it

stays within that range and is not influenced by any mistake of law."
*Daker*, 999 F.3d at 1307 (quoting *Zocaras v. Castro*, 465 F.3d 479, 483
(11th Cir. 2006)).

## SUMMARY OF THE ARGUMENT

The PLRA was adopted to put an end to abusive litigation filed by
*pro se* prisoners. To achieve that goal, district courts must screen *pro se*
prisoner complaints for frivolity and maliciousness. *See* 28 U.S.C. §
1915(e)(2)(B), (g); *see also Hubbard v. Haley*, 262 F.3d 1194, 1196 (11th
Cir. 2001). Given the volume of prisoner litigation—especially in
Florida—this daunting task is virtually impossible unless prisoners
comply with court orders dictating that they fully disclose their prior
litigation history. These orders, contained in the form civil complaints
provided to inmates, are clear and easy to follow.

In light of these administrative realities, panels of this Court have
repeatedly recognized that a district court possesses the inherent
discretion to dismiss a *pro se* prisoner's lawsuit for the prisoner's failure
to accurately disclose prior litigation history. *See, e.g., Morrell v. Georgia*,
2023 WL 5051186, at *1 (11th Cir. Feb. 27, 2023). This discretion is in
accord with the discretion possessed by a district court to manage its

docket and compel obedience with its orders. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44 (1991). Panels of this Court have been especially deferential to these dismissals when, as here, they are without prejudice. *See, e.g.*, *Rickerson v. Sec'y, Fla. Dep't of Corr.*, 2021 WL 6098415, at *1 (11th Cir. Nov. 2, 2021).

The district court's dismissal of McNair's lawsuit was not an abuse of discretion because it tracked the reasoning of numerous panels of this Court affirming similar nonprejudicial dismissals. McNair's only rejoinder is to request that this Court adopt another circuit's fact-specific reversal of another *pro se* prisoner's case. *See Greyer v. Illinois Dep't Corr.*, 933 F.3d 871 (7th Cir. 2019). But that case is distinguishable for several reasons—among them a different form complaint, vastly different excuses for the prisoners' failure to accurately disclose their litigation history, and an unsupported finding by the district court that the prisoners had perpetrated a fraud on the court. Applying that case to a nonprejudicial dismissal like the one here unduly contracts a district court's discretion and ignores reams of panel cases from this Court affirming precisely what the district court did here.

The Court should affirm.

# ARGUMENT

The district court acted within its substantial discretion in dismissing McNair's lawsuit without prejudice for McNair's admitted failure to comply with the district court's order. Reversal of the district court's determination undermines the purposes of the PLRA and diminishes the broad discretion typically accorded to a district court in managing its docket. The Court should affirm.

## I. A prisoner's accurate disclosure of past litigation history is imperative to a district court's application of the PLRA's screening mandate.

Congress enacted the PLRA to "curtail abusive prisoner litigation." *See, e.g.*, *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Harris v. Garner*, 216 F.3d 970, 977–78 (11th Cir. 2000) (explaining legislative history of PLRA). To help achieve this goal, the PLRA implements two screening requirements that a district court must conduct when a prisoner-plaintiff seeks indigent status: (1) to determine if the complaint fails to state a claim or is frivolous and (2) to determine whether the prisoner-plaintiff has been assessed "three strikes" under the PLRA. *See* 28 U.S.C. § 1915(e)(2)(B), (g); *see also Hubbard v. Haley*, 262 F.3d 1194, 1196 (11th Cir. 2001).

The Northern District of Florida has enacted local rules and provided a standardized complaint form to assist district courts in fulfilling Section 1915's screening mandate and to provide *pro se* plaintiffs with the information needed to initiate a civil rights lawsuit against prison officials. Under Local Rule 5.7(a), *pro se* prisoners filing a Section 1983 complaint must use the court's free, standard form. Among other things, the form advises plaintiff-prisoners of the PLRA's "three strikes" rule and requires disclosure of a prisoner's litigation history. ECF No. 1 at 13–17.

Notably, the Northern District of Florida form warns a *pro se* plaintiff that failure to disclose "*all* prior state and federal cases— including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case." ECF No. 1 at 13 (emphasis added). These requirements are plainspoken and easy to comply with—a reality recognized by multiple panels of this Court construing similar forms. *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("we cannot conclude that the question on the complaint form asking about prior lawsuits in federal court is ambiguous."); *see also Kendrick v. Sec'y, Fla.*

*Dep't of Corr.*, 2022 WL 2388425, at \*3 (11th Cir. July 1, 2022) ("the question before [the prisoner] was by no means a complicated one.").

A *pro se* prisoner's honest responses to these requirements are essential to a district court's proper screening of the complaint for compliance with the PLRA. As district courts in this Circuit have explained, "[a] prisoner's failure to disclose his full litigation history, when requested to do so, is not considered a minor omission. Such information is highly relevant where, as here, a prisoner seeks to proceed without prepayment of the filing fee, as the court has a duty to enforce the statutory three strikes bar. This information is also necessary for the court to determine, prior to service, whether a prisoner's claims are related to (or should be considered in connection with) another pending action and—more importantly—whether any claims or issues in the current complaint have already been decided." *See Negrin v. Georgia Dep't of Corr.*, 2023 WL 2905167, at \*4 (M.D. Ga. Mar. 7, 2023), *report and recommendation adopted,* No. 722CV138WLSTQL, 2023 WL 2905169 (M.D. Ga. Apr. 10, 2023) (citation omitted). Another district court in this Circuit recently explained that accurate disclosure of

litigation history is essential to the court's efficient fulfillment of its

PLRA screening obligation:

> allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Achille v. Bynum*, 2024 WL 5113503, at *4 (N.D. Fla. Nov. 12, 2024)

(citation omitted), *report and recommendation adopted sub nom. Achille v. Bynum*, 2024 WL 5111949 (N.D. Fla. Dec. 13, 2024).

"Reliable disclosures are thus essential for an efficient and effective screening of the large number of *pro se* prisoner complaints received by this Court." *Negrin*, 2023 WL 2905167, at *4.

## II. District courts in this Circuit do not abuse their discretion by dismissing a prisoner's lawsuit for inaccurate disclosure of litigation history.

Recognizing the essentiality of accurate disclosures on *pro se* forms, panels of this Court have stated repeatedly that "[a]n action is malicious [for purposes of the PLRA] when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history

and signs the complaint under penalty of perjury." *See, e.g., Morrell v. Georgia*, 2023 WL 5051186, at *1 (11th Cir. Feb. 27, 2023). And this Court "has affirmed the dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit while under penalty of perjury to do so." *Jones v. Szalai*, 778 F. App'x 847, 848 (11th Cir. 2019) (citing *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (lying about the existence of a prior lawsuit is an abuse of judicial process), *abrogated in part on different grounds by Jones v. Bock*, 549 U.S. 199 (2007)).

Moreover, panels of this Court have *overwhelmingly* affirmed dismissals of *pro se* suits for a prisoner's failure to comply with the plain instructions contained in form complaints provided by district courts. *See Morell*, 2023 WL 5051186, at *1; *Allen v. Santiago*, 2023 WL 5745494, at *1 (11th Cir. Sept. 6, 2023); *Rickerson v. Sec'y, Fla. Dep't of Corr.*, 2021 WL 6098415, at *1 (11th Cir. Nov. 2, 2021); *Jones*, 778 F. App'x at 848; *Perry v. Locklear*, 2019 WL 2240535, at *2 (11th Cir. May 14, 2019); *Reynolds v. Lowery*, 2018 WL 4206932, at *1 (11th Cir. Aug. 8, 2018); *Cowart v. Owens*, 2017 WL 11846077, at *2 (11th Cir. May 24, 2017);

*Young v. Sec'y Fla. for Dep't of Corr.*, 380 F. App'x 939, 940 (11th Cir. 2010); *Hood*, 197 F. App'x at 819.

These affirmances are consistent with a district court's broad discretion to control and manage its docket. As the United States Supreme Court has recognized for centuries, "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates"—including through their inherent contempt power. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44 (1991) (quoting *Anderson v. Dunn,* 6 Wheat. 204, 227 (1821)). "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' " *Id.* at 43 (quoting *Link v. Wabash R. Co.,* 370 U.S. 626, 630–631 (1962)). Notably, "[t]he underlying concern that gave rise to the contempt power was not merely the disruption of court proceedings. Rather, it was disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial." *Id.* at 44 (quoting *Young v. United States ex rel. Vuitton*

*et Fils S.A.,* 481 U.S. 787, 798 (1987)) (other citations and ellipses omitted).

These principles apply with equal force in *pro se* civil rights cases. While *pro se* prisoners' pleadings are treated liberally, "*pro se* litigants are still required to conform to procedural rules" despite their *pro se* status. *See Kendrick*, 2022 WL 2388425, at *3 (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). And, of course, "[t]hey also owe the same duty of candor to the court as imposed on any other litigant." *See id.* Panels of this Court and other circuits have thus correctly recognized that dismissal of a *pro se* prisoner's lawsuit for the prisoner's failure to disclose past litigation history is a proper exercise of a district court's discretion, as it justly corrects a violation of a court order. *Cowart*, 2017 WL 11846077, at *2; *Hoskins v. Dart*, 633 F.3d 541, 544 (7th Cir. 2011); *see also Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 402 (7th Cir. 2015) (noting that "courts generally have an interest in both punishing a party's dishonesty and deterring others who might consider similar misconduct."). Indeed, one panel of this Court specifically noted that a "district court was correct to conclude that to allow [a prisoner] to then

acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process." *Hood*, 197 F. App'x at 819.

A district court's exercise of its discretion to dismiss a prisoner's lawsuit is further insulated where, as here, the district court chooses to dismiss a lawsuit *without* prejudice. This Court has recognized on numerous occasions that "[a] dismissal without prejudice generally does not constitute an abuse of discretion because the plaintiff may simply re-file the action." *Rickerson*, 2021 WL 6098415, at *1 (11th Cir. Nov. 2, 2021) (citing *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983)); *Cowart*, 2017 WL 11846077, at *2 (also citing *Dynes*, 720 F.2d at 1499) ("a dismissal without prejudice generally is not an abuse of discretion."); *cf. Hines v. Thomas*, 604 F. App'x 796, 801 (11th Cir. 2015) ("Had the dismissal truly been without prejudice to re-filing, the district court likely would not have abused its discretion in dismissing the action."); *but see Adams v. Todd*, No. 23-10908, 2024 WL 4449453, at *7 (11th Cir. Oct. 9, 2024) (contemplating that a nonprejudicial dismissal could be prejudicial because of the imposition of a strike). Consequently, "[s]uch a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit." *Jones*, 778 F. App'x at 847

(citing *Kotzen v. Levine*, 678 F.2d 140, 140 (11th Cir. 1982)). And that only occurs where "a claim cannot be refiled due to the running of the statute of limitations." *See id.* (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)); *see also Reid v. Warden*, No. 18-10392-D, 2018 WL 11335487, at *1 (11th Cir. Aug. 23, 2018) ("because the district court dismissed Reid's action without prejudice, the dismissal does not constitute an abuse of discretion, as Reid may simply re-file.").

## III. The district court did not abuse its discretion in dismissing McNair's lawsuit.

The district court here acted within the bounds of its established discretion in dismissing McNair's suit for failing to comply with its order by omitting his prior litigation history.

First, the district court's dismissal of McNair's suit was without prejudice, so the district court's decision is presumptively a proper exercise of its discretion. *Rickerson*, 2021 WL 6098415, at *1 (11th Cir. Nov. 2, 2021) (citing *Dynes*, 720 F.2d at 1499. Moreover, McNair does not argue that he could not refile his complaint, which appears to allege conduct within Florida's four-year statute of limitations. *Compare* **Blue Br. at 14** (alleging conduct in 2021 in 2022), *with Rickerson*, 2021 WL 6098415, at *1 (quoting *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir.

2008) (noting that Section 1983 claims brought in Florida federal district courts are subject to a four-year statute of limitations). As in the *Kendrick* case recently decided by a panel of this Court, "[McNair] does not argue that he was prejudiced by the dismissal in any way" beyond his receipt of a strike. *See Kendrick*, 2022 WL 2388425, at *3. So this Court should not "say it was an abuse of discretion for the District Court to sanction [McNair] for his omissions, especially given the dismissal was without prejudice and Kendrick can refile his complaint." *See id.*

Second, the district court considered McNair's objections but determined that "allow[ing] [McNair] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process." *Hood*, 197 F. App'x at 819; ECF No. 9 at 3, 7. The district court was further entitled to rely on the potential downstream effects of countenancing McNair's omission—as "courts generally have an interest in both punishing a party's dishonesty and deterring others who might consider similar misconduct." *See Secrease*, 800 F.3d at 402; ECF No. 9 at 7.

This Court should join with other panels of this Circuit and affirm the district court's dismissal as an appropriate exercise of the trial court's inherent discretion.

## IV. This Court should follow the panels of this Circuit affirming dismissals without prejudice in circumstances like these.

McNair does not meaningfully dispute that the district court's dismissal of his lawsuit *without* prejudice is consistent with decisions of several panels of this Court. *E.g.*, *Perry*, 2019 WL 2240535, at *2 ("The District Court did not err by dismissing Mr. Perry's complaint without prejudice due to his failure to disclose prior litigation."). Instead, McNair asks this Court to apply another circuit's fact-specific reversal of a district court's prejudicial dismissal of a prisoner's *pro se* complaint. The Court should decline that invitation.

### A. *Greyer* is distinguishable on its facts.

McNair's argument is premised—almost exclusively—on the Seventh Circuit's decision in *Greyer v. Illinois Department of Corrections*. 933 F.3d 871 (7th Cir. 2019). As an initial matter, McNair only argued below that he misunderstood the district court's form—he did not argue *Greyer* or its *sui generis* (and extra-textual) rule that the PLRA requires a finding of fraud before a district court can dismiss a *pro se* complaint.

*See* ECF No. 10 at 1–2. Consequently, these new arguments, raised for the first time on appeal, are waived. *United States v. Ruetz*, 334 F. App'x 294, 296 (11th Cir. 2009) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)) (noting in the *pro se* context that "[i]ssues that a party does not raise below are 'deemed waived.' ").

Even assuming McNair had preserved these new arguments, *Greyer* should not control this Court's review of the district court's dismissal for several reasons. *Greyer* involved two *pro se* prisoners. One was "suffer[ing] from mental illness" that took "psychotropic medications" and could hardly read or write. 933 F.3d at 875–76. This meant other prisoners had to "help him prepare his filings" and that he couldn't "properly . . . assess what ha[d] been written for him." *See id.* at 876 (quotation marks and brackets omitted). As here, Greyer filled out a district court's litigation history form but omitted "his habeas corpus petition," as well as one other case. *Id.* at 875. The other litigant, Johnson, omitted at least two cases that should have been listed but made it clear he could not remember all "of the information from about his past cases." *Id.* at 879.

But *Greyer* isn't analogous to McNair's case. First, the district courts in *Greyer* both dismissed the *pro se* lawsuits *with* prejudice as "a fraud upon the court." *Id* at 875; *see also id.* at 882. The Seventh Circuit emphasized throughout its opinion that a dismissal with prejudice was a "draconian" sanction that was to discouraged in "all but the most extreme situations" in favor of lesser sanctions. *See id.* at 877 (quoting *Barnhill v. United States*, 11 F.3d 1360, 1367–69 (7th Cir. 1993)). And it suggested— if not expressly held—that such a sanction was reserved for "fraud on the court" in the context of the PLRA. *See id.* at 877–78.

Here, though, the district court dismissed McNair's lawsuit *without* prejudice for abuse of the judicial process—and neither the magistrate judge nor the district court accused McNair of fraud on the court. Given that this lesser sanction has been rubberstamped by multiple panels of this Court in this context, the district court couldn't have abused its discretion here. *See, e.g., Rickerson*, 2021 WL 6098415, at *1; *see also Achille*, 2024 WL 5113503, at *4 (noting that "[d]ismissal without prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions.").

The justifications for the prisoners' omissions in *Greyer* were also much more striking than McNair's non-excuses. According to the Seventh Circuit, Greyer had an extremely compelling excuse "for his failures," namely that "his mental health issues and illiteracy created a situation in which he did not fully understand what was being asked of him, and thus the omissions were inadvertent." *Id.*; *see also Sanders v. Melvin*, 25 F.4th 475, 484 (7th Cir. 2022). Johnson, for his part, confessed to being unable to remember his litigation history. *Id.* at 879. Here, McNair offers no such reason for his omissions, instead simply conceding that he omitted his habeas case and claiming, without reasonable basis, that his omitted appeal need not be disclosed. ECF No. 10 at 1–2.

*Greyer* involved a different form complaint, too—and one that was far less clear than the one at issue here. The form in *Greyer* merely asked the *pro se* prisoner to disclose lawsuits " 'relating to one's imprisonment' (in the sense of conditions of confinement), as opposed to the validity of the conviction or sentence." *Greyer*, 933 F.3d at 878. The Seventh Circuit noted that this quoted language may not have prompted a lawyer to include the omitted habeas petition, much less a mentally handicapped *pro se* prisoner like Greyer that could barely read or write. *See id.* Here,

by contrast, the form used by McNair plainly asked McNair to disclose "*any* other lawsuit, *habeas corpus petition*, or appeal in state or federal court *either challenging your conviction* or relating to the conditions of your confinement." ECF No. 1 at 15 (emphasis removed; emphasis added); *see also id.* at 13. And McNair's disclosure of "some of his litigation history" rather than "all of it, as required by the district court" does not render the district court's decision an abuse of discretion under decisions from panels of this Court. *See, e.g.*, *Perry*, 2019 WL 2240535, at *2.

*Greyer* should not control this Court's review over the myriad panel decisions from this Circuit affirming the district court's authority to do precisely what it did: dismiss McNair's lawsuit *without* prejudice for his failure to accurately disclose his litigation history in accordance with a court order.

**B.    Applying *Greyer* here unduly curtails a district court's discretion in PLRA cases.**

Despite these important factual differences in *Greyer* and this case, McNair nonetheless divines two requirements from *Greyer* that it believes this Court must apply to the district courts in this Circuit that dismiss PLRA lawsuits *without* prejudice. Neither should apply.

***First***, McNair says that any omission of prior litigation history must be material—*i.e.*, the omission must be a case that would count as a strike—before a district court can permissibly sanction a litigant for its omission by dismissing his case *without* prejudice. **Blue Br. at 19–27.** But McNair's position both limits a district court's inherent discretion and misapprehends the purpose of the form complaint requiring the disclosures of past litigation history. It's true, as McNair says, that the PLRA is interested in strike-worthy cases. **Blue Br. at 32.** But a district court is the one tasked with making that determination, not a *pro se* prisoner like McNair. And as district courts in this Circuit have recognized, omissions about past litigation history of *any* kind are material because they impact a district court's ability to perform that function because "[t]he time that district courts are required to expend to verify the cases a plaintiff has filed but failed to identify can be considerable." *See Achille*, 2024 WL 5113503, at *3. And the more time a district court must spend on that task, the less (of its already limited) time it has to devote to the remainder of its docket.

Affirming the district court's dismissal does not create a circuit split with the Seventh Circuit, either. Beyond noting that the district courts

had both concluded that the *pro se* litigants had in fact committed fraud on the court, the *Greyer* court offered no independent justification for grafting a "fraud" requirement onto the text of the PLRA, especially in cases where a district court has simply dismissed a lawsuit *without* prejudice. There are all sorts of "disobediences" that a district court is entitled to sanction that do not rise to the level of fraud on the court— and an admitted failure to comply with a court order falls among them.[2] *See Hood*, 197 F. App'x at 819. Moreover, McNair offers no alternative sanction that would effectively discourage similar omissions in his case or others like his. *See Achille*, 2024 WL 5113503, at *3 (noting that "[i]nsofar as Plaintiff already is incarcerated, a mere admonition or a

---

[2] McNair also suggests that the district court must find bad faith to impose a sanction of any kind, citing *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1225 (11th Cir. 2017). But *Purchasing Power*—which involved a sanction *of nearly $600,000* in attorneys' fees— only confirms what the district court did here: "Courts considering whether to impose sanctions under their inherent power should look for disobedience and be guided by the purpose of vindicating judicial authority." *Id.* The district court found (1) that McNair disobeyed its plainspoken order and (2) that allowing McNair to get off scot-free would serve to whitewash his disobedience and diminish the court's authority. In the context of the PLRA, that's a textbook exercise of a court's discretion to control its docket. *See, e.g.*, *Hood*, 197 F. App'x at 819. And when paired with a lesser sanction like a dismissal *without* prejudice, it can't be an abuse of discretion.

finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court.").[3] The district court's nonprejudicial dismissal was appropriate.

***Second***, McNair says that even if an omission need not be material, it must minimally be "intentional"—and his omissions can't have been intentional because he had no "intent to deceive." **Blue Br. at 28–38.** As an initial matter, a panel of this Court has already (and recently) rejected that argument. *See Ballard v. Broling*, No. 22-12651, 2023 WL 6799147, at *1 (11th Cir. Oct. 16, 2023) ("Regardless of whether his response to the question was *knowing or intentional*, Ballard failed to accurately disclose his other litigation—and failed to do so under oath. The district court was entitled to find this failure an abuse of the judicial process. Furthermore,

---

[3] McNair also claims that a materiality standard is needed to impose "uniformity" in this Circuit's district courts. **Blue Br. at 24–25.** But that's a virtue, not a vice. Indeed, a touchstone of a district court's discretion is its ability to weigh certain facts and circumstances and come to different conclusions. And it's clear that district courts apprehend the breadth of their discretion—as they've declined to dismiss *pro se* lawsuits for other prisoners' failures to disclose prior litigation history when they've provided more reasonable explanations for their omission. *See Clark v. Cowen*, No. 5:23-CV-00005-MTT-MSH, 2023 WL 11994976, at *3 (M.D. Ga. Aug. 4, 2023), *report and recommendation adopted sub nom. Clark v. Cowen*, No. 5:23-CV-5 (MTT), 2023 WL 11996853 (M.D. Ga. Sept. 6, 2023).

because the district court dismissed Ballard's complaint without prejudice, the dismissal was not an abuse of discretion.") (emphasis added). Once again, the district court can't have abused its discretion in light of this and other panel decisions from this Circuit.

Even had this argument not already been rejected, it would still fail because the district court was entitled to determine that these omissions were intentional. As noted above, the form's "questions were straightforward and easily understandable," so McNair's claim of "confusion" fails. *See Achille*, 2024 WL 5113503, at *3; *see also Hood*, 197 F. App'x at 819 ("we cannot conclude that the question on the complaint form asking about prior lawsuits in federal court is ambiguous."); **Blue Br. at 31.** McNair conceded he did not accurately disclose his litigation history with respect to his habeas petition and, despite the recency of his 2023 appeal, chose to omit it as well. ECF No. 10 at 1–2. The district court did not abuse its discretion in finding that these omissions were intentional.

McNair nonetheless insists that these paltry explanations suffice to cause the district court to abuse its discretion in dismissing his lawsuit without prejudice. **Blue Br. at 35–37.** But under McNair's view, a

prisoner could *always* avoid the consequences of his omissions by claiming a simple mistake, and under McNair's proposed rule the district court would have no way to conclude otherwise. Indeed, McNair would have district courts conduct evidentiary hearings every time a prisoner omits litigation history, gets caught, and then claims "mistake." **Blue Br. at 37–38.** Given the volume of meritless prisoner litigation in the nation's district courts, which the PLRA was designed to curtail, this would destroy district courts' ability "to conserve judicial resources and effectively manage their dockets." *Achille*, 2024 WL 5113503, at *3. This is not, as McNair claims, a substitution of the district court's policy judgments for that of the PLRA's—but a fulfillment of it. **Blue Br. at 33.** Put simply, "[w]hen courts cannot rely on the statements or responses made by parties, the quality of justice is threatened." *Id.*

## CONCLUSION

The district court's dismissal without prejudice was in accord with multiple panel opinions from this Circuit affirming similar dismissals, and was not an abuse of discretion. Nurse Johnson respectfully requests that this Court affirm the district court's dismissal of McNair's suit.

Dated: January 6, 2025

Respectfully submitted,

*/s/ Michael J. Bentley*
Michael J. Bentley
R. Sumner Fortenberry
mbentley@bradley.com
sfortenberry@bradley.com
Bradley Arant Boult Cummings LLP
188 E Capitol Street, Suite 1000
Jackson, MS 39201
(601) 948-8000

Jacob Brandon Hanson
Bradley Arant Boult Cummings LLP
1001 Water Street, Suite 1000
Tampa, FL 33602
(813) 559-5500
jhanson@bradley.com

*Counsel for Defendant-Appellee*
*Nurse Kim Johnson*

# CERTIFICATE OF COMPLIANCE

1.     This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 5971 words.

2.     This motion complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E), which incorporates the typeface and type-style requirements of Fed. R. App. P. 32(a)(5), (6), because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Century Schoolbook font, size 14.

*/s/ Michael J. Bentley*
*Counsel for Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served electronically by the Court CM/ECF system on January 6, 2025, upon all counsel of record.

/s/ Michael J. Bentley
*Counsel for Appellees*